Estate of George Plotkin, Deceased, Thomas 2. Fitzgerald, Administrator, c.t.a. v. Commissioner.
Estate of Plotkin v. Commissioner
Docket No. 1971-69.
United States Tax Court
T.C. Memo 1972-202; 1972 Tax Ct. Memo LEXIS 55; 31 T.C.M. (CCH) 1011; T.C.M. (RIA) 72202; September 19, 1972, Filed. Tried in New York, N. Y. Allen Greenberg, 40 Wall St., New York, N. Y.. for the petitioner. Jay S. Hamelburg, for the respondent. SCOTT Memorandum Findings of Fact and Opinion STERRETT, Judge: Respondent determined a deficiency *56 in petitioner's Federal estate tax return in the amount of $110,644.42. Concessions having been made, the parties are agreed that the correct deficiency is $41,074.14. The sole issue for our determination is whether the failure to timely file the estate tax return was due to "reasonable cause" so as to prevent the imposition of an addition to tax in the stipulated amount of $10,268.54 under the provisions of section 6651(a), Internal Revenue Code of 1954. [1]
Findings of Fact Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Decedent George Plotkin (hereinafter referred to as the decedent) died testate on September 17, 1963, the victim of an automobile accident. Clara C. Plotkin (also known as Clara C. Storper and hereinafter referred to as Clara), the widow of the decedent, was duly appointed executrix of the decedent's Last Will and Testament by the Surrogate's Court of New York County on October 24, 1963. She was the sole beneficiary *57 of the will. Clara, although admitted to the practice of law in New York, had rarely represented herself as an active attorney. However, subsequent to decedent's death, she practiced law from an office formerly occupied by the decedent, who had been an attorney. Shortly after decedent's death, Clara as executrix became involved in a substantial degree of litigation in an attempt to recover assets and in determining the validity of innumerable claims against the estate. In addition to charges of fraud and forgery against the decedent, many relatives tried to collect on purported promissory notes made by the decedent. The amounts due from certain insurance policies and mutual funds were also in dispute. Clara regarded the multitude of claimants as conspiring to do her harm. As of the date of the trial in the instant case, a great deal of litigation was still pending. Clara filed an estate tax preliminary notice, Form 704, on September 28, 1964, approximately 9 months later than required by section 6071 and the regulations thereunder. [2] Her tardiness was explained by the following affidavit: CLARA C. PLOTKIN being duly sworn deposes and says that she is the executrix and widow *58 of the deceased, George Plotkin. That she was appointed executrix of the Estate of George Plotkin on October 24, 1963. That the Estate Tax Preliminary Notice, form 704, was overlooked because of the distraught frame of mind of the widow. 1012 The death of the decedent was sudden and as a result of an automobile accident on September 17, 1963. Immediately upon the death of the decedent, this estate was inundated with suits and claims of creditors against the decedent, which arose prior to decedent's death and of which the executrix-widow had no knowledge or awareness. The shock of the sudden death of her husband, in conjunction with the shock of the existence of these outstanding debts and demands upon the executrix widow for the payment of these claims, created a total state of confusion, especially since the decedent was an attorney-accountant and had handled all of his *59 own accounts, books and records, without the assistance of any other professional accountant. That the executrix-widow was unaware of the necessity of filing the Estate Tax Preliminary Notice. WHEREFORE, executrix seeks to be excused for the delay in filing form 704, which is being filed by her simultaneously herewith. The estate tax preliminary notice showed an estimated gross estate of $221,500. Directly below Clara's signature on the return was the following: NOTICE. - Failure to file a required return on Form 706 within 15 months from the date of death may render executors, administrators, and persons in actual or constructive possession of the decedent's property liable for penalties. Clara employed an attorney, Clarence P. Steinhoff (hereinafter referred to as Steinhoff), to advise her regarding the filing of an estate tax return. She was aware that an estate tax return was required to be filed within 15 months from the decedent's death, or December 17, 1964. The extensive litigation kept the true nature of the estate's assets and liabilities in a state of flux. It did not appear that any estate tax would be due, therefore Steinhoff advised Clara that it would not matter *60 if the return was filed a little late. A request for an extension of time to file the estate tax return was not made. However Clara was quite familiar with the procedure, having obtained an extension of time to file her Federal income tx return earlier in 1964. By letter dated February 9, 1965, the district director's office, Manhattan District, New York, informed Clara that the estate tax return, Form 706, of decedent due December 17, 1964 had not been received and requested that Form 706 be filed within 15 days thereafter. On March 24, 1966, a Federal estate tax return, Form 706, was filed with the district director of internal revenue at New York, New York. The return had been signed by Clara and delivered by messenger on the same day it was received by the district director. Steinhoff's signature on the return indicated that he had prepared it by September 8, 1965. The return showed that uncollected assets of $271,237.11 were offset by claims against the estate of $359,860.28, still in the process of litigation. Insurance policies in the face amount of $500,000 were not included in the gross estate since the companies involved were contesting their liability. Clara considered *61 this a tentative return. Subsequently, Clara had an amended return prepared by Steinhoff. This estate tax return was filed on November 13, 1968 with the district director of internal revenue, with the following cover letter: Dear Sir: Enclosed please find an Amended [sic] Estate Tax Return for George Plotkin. The return shows a net estate tax payable of $42,825.71. However, this return shows $360,000.00 of insurance, which has not been collected and the claim is now in litigation. When the above-mentioned $360,000.00 is deducted from the estate assets, the net estate tax payable amounts to $31.05. Therefore I am enclosing a check in the amount of $31.05. If the litigation is successful and the $360,000.00 is collected I will immediately make payment in the amount of $42,794.66. Very truly yours, /s/ Clara C. Storper Clara C. Storper, Executrix and Attorney for the Estate of George Plotkin The Surrogate's Court of New York County required Clara's presence at numerous hearings pertaining to the status of the estate and protection of creditors' interests. During the course of a hearing on April 23, 1969, Clara disclosed that a "90 day letter" had been received 84 days *62 prior. She had made no arrangements to contact a tax attorney or to file a petition with the United States Tax Court. In order to protect the estate from the Commissioner's assessment of a deficiency of $110,644.42 and a penalty of $27,661.10 the Surrogate's Court issued an order demanding that tax counsel be 1013 retained and that a timely petition be filed with this Court. This order was followed with the petition herein filed in the name of Clara as executrix. At the time of the filing of the petition Clara was a resident of New York, New York. Clara was removed as executrix of the estate shortly thereafter by decree of the Surrogate's Court dated June 9, 1969. After noting specific actions of Clara, including her indifference to the 90 day letter, Surrogate Silverman in his opinion stated: 11. By reason of the foregoing, the court finds that the executrix has wasted and improperly applied the assets of the estate, and otherwise improperly managed the property committed to her charge, and by reason thereof and by reason of her other misconduct described and of her improvidence and want of understanding, she is unfit for the execution of the office of executrix (SCPA 711, *63 subdivision 2); and that she has willfully refused without good cause to obey the lawful direction of this court for the filing of an account by Oct. 1, 1968 (SCPA 711, subdivision 3). [New York Law Journal, pp. 17-18, May 14, 1969] Thomas I. Fitzgerald, the Public Administrator for New York County, was duly appointed Administrator, c.t.a. of the decedent's estate. By order of Judge Scott of this Court dated August 18, 1971, the caption in the instant case was changed to reflect the substitution of Fitzgerald in place of Clara. Opinion The decedent died on September 17, 1963. During the year in question, section 6075(a) required an estate tax return to be filed within 15 months after the death of the decedent. Consequently, the estate tax return was due no later than December 17, 1964. The return was not filed until March 24, 1966. The narrow question to be decided is whether the failure to timely file the estate tax return was due to reasonable cause, thereby precluding the addition to tax authorized by section 6651(a). Whether the failure to file is due to reasonable cause is primarily *64 a question of fact to be decided from all the circumstances in a particular case. Coates v. Commissioner, 234 F. 2d 459 (C.A. 8, 1956), affirming a Memorandum Opinion of this Court. The burden of proof is on the petitioner. Breland v. United States, 323 F. 2d 492 (C.A. 5, 1963); The West End Co., 23 T.C. 815 (1955); Rule 32, Tax Court Rules of Practice.
A showing that willful neglect was absent is not sufficient. In order to avoid the penalty of section 6651(a), the petitioner must establish reasonable cause for the failure. West Virginia Steel Corp., 34 T.C. 851 (1960); Rogers Hornsby, 26 B.T.A. 591 (1932). Reasonable cause has been defined as the exercise of ordinary business care and prudence. Haywood Lumber & Mining Co., 178 F. 2d 769 (C.A. 2, 1950). The pertinent regulations state, "[if] the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause." Section 301.6651-1(c)(1), Proced. & Admin. Regs. After a thorough analysis of the record in the present case, we find the delay *65 in filing decedent's estate tax return was not due to reasonable cause. The petitioner argues that Clara, who was unfamiliar with tax matters, relied solely on the advice of Steinhoff, her attorney. In essence, his advice was that if the estate were to incur no tax liability, as it then appeared, it would be of no significance if the return were filed late. While mathematically correct, [3] it provides no justification for Clara's disregard for the legal obligations of the estate, particularly since she is an attorney and was well aware of the deadline for filing the return. The risk involved by following advice similar to Steinhoff's is that a taxable estate may emerge, displaying the foundation on which a penalty may be built. Illness can constitute a reasonable cause for late filing. See Alma Williams, 16 T.C. 893 (1951). That Clara was in a distraught frame of mind after the sudden death of her husband and the inundation of suits and claims, we have no doubt. But the *66 evidence failed to show that this mental anguish prevented her from carrying out her normal activities. On the contrary, she practiced law and handled numerous estate matters - perhaps too many. Furthermore, the excessive litigation and other burdens besetting Clara during the administration of decedent's estate should 1014 have led her to the conclusion that assistance and an extension of the time to file the estate tax return were necessary. Unfortunately, she was not so inclined; under the circumstances a plea of being "too busy" will not suffice. Herbert W. Dustin, 53 T.C. 491(1969). We are impressed by the fact that Steinhoff had prepared the return by September 8, 1965, and yet Clara did not sign and deliver the return to the district director until March 24, 1966, some 7 months later. Surrogate Silverman's opinion further reinforces our own opinion that Clara did not exercise ordinary business prudence in failing to file the estate tax return in a timely manner. The natural emotional trauma associated with the loss of a loved one should be understood in this case. In spite of our empathy with Clara's situation, we consider it inexcusable for this attorney *67 to have procrastinated in filing the decedent's estate tax return. Congress has imposed a variety of sanctions to maintain the orderly and punctual collection of revenues. Spies v. United States, 317 U.S. 492 (1942). We hold that the respondent's imposition of an addition to tax in the instant case is proper. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. Section 20.6071-1, Estate Tax Regs. requires that filing of preliminary notice must be within 2 months of the qualification of the executor. Since Clara qualified as executrix on October 24, 1963, the Estate Tax Preliminary Notice, Form 704, was due to be filed no later than December 24, 1963.↩
3. Section 6651(b) provides that the addition to tax of sec. 6651(a)↩ is to be computed on the basis of net tax due. Therefore if no tax liability exists, no addition to tax would be warranted.