**GENESEE VALLEY GAS CO. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 10142.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 5, 1950.

Decided Jan. 30, 1950.

Mr. John J. Geraghty, New York City, of the Bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Frederic B. Warder, Washington, D. C., was on the brief, for petitioner. Mr. Louis H. Mann, Washington, D. C., also entered an appearance for petitioner.

Mr. L. W. Post, Special Assistant to the Attorney General, with whom Messrs. Ellis N. Slack and A. F. Prescott, Special Assistants to the Attorney General, were on the brief, for respondent. Messrs. Lee A. Jackson, Special Assistant to the Attorney General, and Charles Oliphant, Chief Counsel, and John M. Morawski, Special Attorney, both of the Bureau of Internal Revenue, Washington, D. C., also entered appearances for respondent.

Before WILBUR K. MILLER, PROCTOR, and FAHY, Circuit Judges.

FAHY, Circuit Judge.

This is a petition for review of a decision of the Tax Court pursuant to 26 U.S.C. § 1141(a), 26 U.S.C.A. § 1141(a). The ultimate question is whether we should sustain the decision of the Tax Court which held that the petitioning taxpayer was properly assessed the statutory penalty for failure to file personal holding company tax returns for the years 1941 and 1942.

The material facts are as follows: Taxpayer is a New York corporation which has been a holding company since its organization in 1926. In 1939 it was reorganized under the Bankruptcy Act, 11 U.S.C. (1946), 11 U.S.C.A. § 1 et seq., as a result of which it became a personal holding company within the meaning of the Int.Rev.Code, § 501, 26 U.S.C.A. § 501. This section defines a personal holding company as a corporation at least 80% of the gross income of which for the taxable year is personal holding company income as defined in Section 502, 26 U.S.C.A. § 502, and more than 50 per centum in value of the outstanding stock of which is owned directly or indirectly at any time during the last half of the taxable year by or for not more than five individuals. The facts regarding the sources of income and ownership of stock, which brought taxpayer within this definition, were known to its president and secretary. This situation prevailed during the years 1939 through 1942. There was no personal holding company surtax liability for the years 1939 and 1940 because of the absence of undistributed income. See Int.Rev.Code, § 504, 26 U.S.C.A. § 504. It is conceded, however, that income was undistributed during the years 1941 and 1942, and that for those years personal holding company surtax returns should have been filed and the tax paid. Such returns were not filed and the Commissioner of Internal Revenue assessed a deficiency, including tax and a 25 per centum penalty, the latter under the provisions of Int.Rev.Code, § 291, 26 U.S.C.A. § 291. After a hearing upon petition for review of the penalty assessment the Tax Court concluded that the taxpayer had not sustained the burden of showing, as required to avoid the penalty, that "its failure to file such return was due to reasonable cause and not due to willful neglect." Int.Rev.Code, § 291, 26 U.S.C.A. § 291. Reasonable cause is defined by 26 Code Fed.Regs. § 29.291-1 as "ordinary business care and prudence."

The statute provides that our review shall be "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury * * *." Int.Rev.Code, § 1141(a), 26 U.S.C.A. § 1141(a).

We conclude that the decision of the Tax Court should not be disturbed. The income tax returns filed for the years 1939 to 1942 (Form 1120) contained the question: "7. Is the corporation a personal holding company within the meaning of Section 501 of the Internal Revenue Code? ... (If so, an additional return on form 1120-H must be filed.)."

For each of the years 1939, 1940, 1941 and 1942, this question was answered "No". This answer was first inserted in the draft of the return prepared by the taxpayer in 1939. In that year the corporation employed tax counsel to review and approve the draft return submitted by it. This attorney submitted a final draft of the return that was filed, leaving uncorrected the answer to item No. 7. There was evidence that the facts regarding the stock ownership and source of income were before this attorney in the information furnished by the corporation. Subsequent to the 1939 return taxpayer pre-

pared its returns without professional assistance. The attorneys who had represented taxpayer in the reorganization proceedings, though aware of the material facts which made it a personal holding company upon the reorganization, did not inform taxpayer of this change in status nor were they asked for advice in this regard.

The returns were examined by Internal Revenue Agents during 1942, 1943 and 1945. The first examination resulted in certain adjustments not here important and a letter to taxpayer which we will discuss later, but did not bring out the erroneous answer in item No. 7. Nor did the second examination a year later. In 1945, however, the Internal Revenue Agent discovered the error.

In agreeing with the Tax Court that the taxpayer has not sustained the burden of showing reasonable cause for the failure upon which the penalty assessment rests we point out that in the draft return for 1939, with full knowledge of the facts and warned by the question contained in item No. 7 and the mandatory language therein, the taxpayer without inquiring into the matter, or, so far as evidence shows, without even reading section 501 referred to in the form, answered "No". The same answer was repeated in the 1941 and 1942 returns. This was not reasonable on the part of the officers of the company. It is not converted into reasonable cause by the fact that a review was obtained of the 1939 return.

The action in 1942 of an Internal Revenue Agent in advising taxpayer that the 1939 return was correct, when item No. 7 was not correctly answered, must be explained. The letter of the Agent indicates that he was referring to the amount of income reported and not to the failure to file any other return which the law might require.[1] It is true that this advice, given in 1942, that the 1939 corporation income tax return was correct is subject to a construction more favorable to the taxpayer. But it is not sufficient to cause us to infer, in disagreement with the Tax Court, that in 1941 and 1942 taxpayer had reasonable cause to fail to file the personal holding company returns. Such failure is attributable to its own course of conduct independently of such advice, especially as there is no evidence the latter was relied upon.

The case is distinguishable from Orient Investment and Finance Co. v. Commissioner, 1947, 83 U.S.App.D.C. 74, 166 F. 2d 601, 603 in which this court reversed the Tax Court's approval of a similar penalty. In some respects the facts are similar but there are material variations. Orient was a case in which the taxpayers placed the ascertainment of their complete tax liability in the hands of certified public accountants "whose expert knowledge was universally considered sufficient to fit them to do all that petitioners were required to do to comply with the tax laws." These accountants determined that the taxpayer was not a personal holding company. In the present case, however, the taxpayer initially made that determination for itself. Also in the Orient case the taxpayer's principal official was found to be "a man of little education, who would not understand the requirements of the tax statutes, and who therefore left those matters entirely

1. "TREASURY DEPARTMENT
INTERNAL REVENUE SERVICE
BUFFALO, NEW YORK.
November 18, 1942
"Genesee Valley Gas Company
56 Main Street
Geneseo, New York.
In re: Year(s) 1939.
"Sirs:
"Upon examination of your income tax return(s) for the year(s) indicated above, the conclusion has been reached that it (they) should be accepted as correct.
"I am sure you will appreciate that should subsequent information be received which will materially change the amount reported, it will be necessary under existing laws to redetermine your tax liability.
"Respectfully,
"R. H. Reichel,
"Internal Revenue Agent in Charge."

in the hands of the experts whom he employed for that purpose." Such is not the case here. The testimony of taxpayer's president disclosed that he thought he knew what a personal holding company was. He had a definite opinion on the subject. This no doubt explains his failure to seek professional assistance in determining whether Genesee was a personal holding company. The rule in Orient is not so broad as to cover the facts herein. Nor is the recent decision of the United States Court of Appeals for the Second Circuit in Haywood Lumber and Mining Company v. Commissioner, 178 F.2d 769. There, as in the Orient case, the initial determination was made by the expert and not as here by the taxpayer without inquiry.

In view of our agreement with the decision of the Tax Court it is unnecessary to discuss whether the conclusion that failure to file the return was not due to reasonable cause is a finding of fact, a legal conclusion from the facts, or a combination of the two. (Orient Investment and Finance Company v. Commissioner, supra, 166 F.2d at page 604; Haywood Lumber and Mining Company v. Commissioner, supra. See Dobson v. Commissioner, 1943, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248. Nor do we decide that the failure to file the return was due to wilful neglect. Agreeing that it was not due to reasonable cause we go no further. See Orient Investment and Finance Company v. Commissioner, supra, 166 F.2d at page 602.

Affirmed.