Conrad W. GIESEN, Executor of the Estate of Emma Giesen, Deceased,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 71-C-117.

United States District Court,
W. D. Wisconsin.

Sept. 11, 1973.

William J. Mantyh, Honeck, Mantyh & Arndt, Milwaukee, Wis., for plaintiff.

John O. Olson, U. S. Atty. by Warren W. Wood, Asst. U. S. Atty., Madison, Wis., and Angelo I. Castelli, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## OPINION and ORDER

JAMES E. DOYLE, District Judge.

This is an action to recover the penalty imposed under 26 U.S.C. (I.R.C.1954) § 6651(a) for failure to file a timely estate tax return. Defendant has moved, and plaintiff has filed a cross-motion, for summary judgment. I find that there is no genuine issue as to the material facts set forth hereinafter under the heading "Facts."

## FACTS

The plaintiff is the son of decedent, Emma E. Giesen, who died in Superior, Wisconsin, on August 30, 1964. Plaintiff is a physician by profession and has no knowledge of business practices. All of his own business records and tax returns are prepared by independent accountants. The plaintiff was named executor of his mother's estate.

Within a few days of Emma Giesen's death, the plaintiff retained James C. McKay, Sr. as attorney to probate the estate. Mr. McKay had practiced law in Superior for 34 years, had much experience in will and probate matters, and was reputed to be an expert in probate and tax law. The attorney had handled plaintiff's father's estate four years previously, assuming exclusive control of the proceedings and all documents used therein. So far as plaintiff knew, the attorney had probated the father's estate in a prompt, efficient, and expert manner; plaintiff's only participation therein, as executor, was to sign documents and appear in court as directed by the attorney. The assets in the father's estate were substantially the same as the assets in the estate of Emma Giesen.

Within five days of Emma Giesen's death, the attorney took custody of all of the records, documents, and papers, and retained exclusive control thereof until probate proceedings were closed in 1969. Relying on his previous experience with his father's estate and other legal matters, on the attorney's reputation as an expert in probate and tax law, and on the attorney's advice that plaintiff leave everything in attorney's hands, plaintiff allowed the attorney to exercise complete control over his mother's estate proceedings.

Thereafter, plaintiff regularly and frequently questioned the attorney as to the progress of the estate proceedings, always receiving assurances that everything necessary was being done. Plaintiff specifically inquired about the taxes that would have to be paid, and was informed by the attorney that the matter was being handled in accordance with the law.

On February 10, 1968, plaintiff was notified by the attorney that the federal estate tax return (form 706) was prepared and available for plaintiff's signature; on that same day, plaintiff signed the return and made out a check for the amount due. On June 18, 1968, the federal estate tax return was filed, along with the check for the amount of tax shown thereon.

In April of 1969, plaintiff received an estate tax closing letter from the defendant. However, in July of 1969, plaintiff received from defendant a notice of assessment for additional tax,

penalties, and interest totaling $27,723.-65. This sum plaintiff paid on August 28, 1969. $17,285.93 of this amount represented penalties and interest for late filing of the estate tax return; it is the latter sum which plaintiff now sues to recover.

## APPLICABLE STATUTES

26 U.S.C. (I.R.C.1954) § 6075(a) reads as follows:

(a) *Estate Tax Returns.* Returns made under Section 6018(a) [relating to estate taxes] shall be filed within 15 months after the date of the decedent's death.

26 U.S.C. (I.R.C.1954) § 6651(a) provides:

(a) *Addition to the Tax.* . . . In case of failure to file any return required . . . on the date prescribed therefor . . . unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is not for more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

## OPINION

Plaintiff asserts that his reliance on an attorney reputed to be an expert in matters of tax and probate constitutes reasonable cause for failure to file, and that he should escape liability for the penalty. Defendant submits that the timely filing of a tax return is a personal nondelegable duty of the taxpayer which cannot be excused by reliance on counsel; consequently, the penalty is appropriate. The problem lies in differing interpretations of what constitutes "reasonable cause" under 26 U.S.C. (I.R.C. 1954) § 6651(a).

██ What elements must be present to constitute reasonable cause is a question of law; whether or not these ele-

ments are present in a given situation is a question of fact. Hatfried, Inc. v. Commissioner of Internal Revenue, 162 F.2d 628, 635 (C.A. 3, 1947).

██ The courts have used two different approaches in dealing with the legal question. The minority view is explained in Ferrando v. United States, 245 F.2d 582 (C.A. 9, 1957). *Ferrando* was an action to recover penalties imposed for failure to file an estate tax return in a timely manner. The court found the executor guilty of willful neglect and liable for the penalty, stating that:

[t]he filing of a tax return when due is a personal, nondelegable duty of the taxpayer; . . . it is no valid excuse for him to say that the matter was put in charge of . . . an accountant or attorney, no matter how trustworthy that person may be. 245 F.2d 582, 589.

While this rule has been followed in the Ninth Circuit, Pfeiffer v. United States, 315 F.Supp. 392 (E.D.Cal.1970), it has not been adopted in other jurisdictions.

The majority view, articulated in Hatfried, Inc. v. Commissioner, 162 F.2d 628 (C.A. 3, 1947) and Haywood Lumber & Mining Co. v. Commissioner, 178 F.2d 769 (C.A. 2, 1950), is that reliance on the advice of counsel constitutes reasonable cause as long as certain conditions are met. These conditions can be stated as follows:

(1) The taxpayer must be unfamiliar with tax law. Orient Investment & Finance Co. v. Commissioner, 83 U.S.App. D.C. 74, 166 F.2d 601 (1947). *See* Estate of Mayer v. Commissioner, 351 F.2d 617 (C.A. 2, 1965), cert. denied 383 U.S. 935, 86 S.Ct. 1065, 15 L.Ed.2d 852 (1966); where the executor was a certified public accountant and the court therefore found no reasonable cause for late filing. *See also* Consolidated Hammer-Dry Plate & Film Co. v. Commissioner, 317 F.2d 829 (C.A. 7, 1963); Genesee Valley Gas Co. v. Commissioner, 86 U.S.App.D.C. 131, 180 F.2d 41 (1950).

(2) The taxpayer must have made full disclosure of all relevant facts to the attorney or accountant he has hired. *Haywood, supra; Hatfried, supra.*

(3) The taxpayer has exercised ordinary business care and prudence. Selecting a competent tax expert, supplying him with the necessary information, and asking him to prepare proper returns are all that "ordinary business care and prudence" can reasonably demand. Haywood Lumber & Mining Co. v. Commissioner, 178 F.2d 769, 771 (C.A. 2, 1950).

When these three conditions are met, a majority of courts have found that the taxpayer's good faith reliance on the advice of counsel constitutes reasonable cause for the failure to file a timely tax return. Educational Fund of Electrical Industry v. United States, 426 F.2d 1053 (C.A. 2, 1970); Rubber Research, Inc. v. Commissioner, 422 F.2d 1402 (C.A. 8, 1970); Estate of Mayer v. Commissioner, 351 F.2d 617 (C.A. 2, 1965), cert. denied 383 U.S. 935, 86 S.Ct. 1065, 15 L. Ed.2d 852 (1966); Fisk v. Commissioner, 203 F.2d 358 (C.A. 6, 1963); Mayflower Investment Co. v. Commissioner, 239 F.2d 624 (C.A. 5, 1956); Burton Swartz Land Corp. v. Commissioner, 198 F.2d 558 (C.A. 5, 1952); Haywood Lumber & Mining Co. v. Commissioner, 178 F.2d 769 (C.A. 2, 1950); Davis v. Commissioner, 184 F.2d 86 (C.A. 10, 1950); Hatfried, Inc. v. Commissioner, 162 F.2d 628 (C.A. 3, 1947); Orient Investment & Finance Co. v. Commissioner, 83 U.S.App.D.C. 74, 166 F.2d 601 (1947); Burruss Land & Lumber Co., Inc. v. United States, 349 F.Supp. 188 (W.D.Va.1972); Dexter v. United States, 306 F.Supp. 415 (N.D.Miss., E. D.1969).

The Seventh Circuit Court of Appeals adopted the majority rule in Commissioner v. American Association of Engineers Employment Co., 204 F.2d 19 (C. A. 7, 1953). In that case, the tax court had imposed a 25% penalty on income tax and excess profit tax for failure of the taxpayer to file a timely return. On appeal, the Seventh Circuit Court held that where a taxpayer had relied on a lawyer who was an expert in the area of federal taxation, the taxpayer is not liable for a penalty for failure to file a return.

In the only other Seventh Circuit case on this issue of which I am aware, Consolidated-Hammer Dry Plate & Film Co. v. Commissioner, 317 F.2d 829 (C.A. 7, 1963), this general rule was affirmed. However, the Court upheld the imposition of the penalty because a knowledgeable taxpayer intentionally omitted to file the return; thus, the rule did not apply since one of its conditions was not met.

ORDER

Accordingly, upon the basis of the entire record herein, the defendant's motion for summary judgment is hereby denied, and the plaintiff's motion for summary judgment is hereby granted. Judgment shall be entered for the plaintiff in the sum of $17,285.93, together with interest according to law, and together with costs.