Forest CLUM, Individually and as Executor of the Estate of Bessie M. Minst, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. C-2-74-625.

United States District Court, S. D. Ohio, E. D.

Aug. 5, 1976.

Robert E. Leach, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for plaintiff.

Archie Parnell, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., William W. Milligan, U. S. Atty., W. Robinson Watters, Asst. U. S. Atty., Columbus, Ohio, for defendant.

## OPINION AND ORDER

KINNEARY, District Judge.

This is an action for recovery of $2,892.11 plus interest and costs which plaintiff Forest Clum the executor of the estate of his deceased sister Bessie M. Minst alleges were erroneously assessed and collected by the I.R.S. as penalties. The Court has jurisdiction under 28 U.S.C. § 1346(a)(1).

Mrs. Minst died September 12, 1971. Mr. Clum contacted decedent's attorney Meryl B. Gray in November, 1971 and retained him to represent the estate because he had written decedent's will and retained it in his possession. Mr. Clum also knew that Mr. Gray had been the attorney for his sister's husband's estate; and his sister had spoken well of Mr. Gray's abilities.

Mr. Clum relied entirely upon Mr. Gray in the administration of the estate. Plaintiff was not aware of the duty to file and pay federal estate taxes. He was a 60 year old farmer with a high school education. He was familiar with oral contracts but was not a businessman and did not "pay much attention to business of any kind." He left the administration of the estate to Mr. Gray because he assumed that the attorney knew what he was doing. Mr. Clum made no inquiries of Mr. Gray concerning his duties and responsibilities as executor or about the existence of any time limits involved with administering the estate. He merely signed the necessary papers when told to do so by his attorney.

During the course of administration, Mr. Gray called plaintiff periodically and told him "what we had to do next." In late June or early July, Mr. Gray wrote plaintiff and told him that he should come into his office in the next several weeks and "settle up the estate." Plaintiff did not learn of his obligation to file a return and pay federal estate taxes until more than nine months had passed since Mrs. Minst's death. Mr. Gray testified that he was aware of the estate's obligation to pay the federal estate taxes within nine months of the decedent's death, but he miscalculated the period.

A federal estate tax return must be filed "within 9 months after the date of the decedent's death." 26 U.S.C. § 6075. If the executor fails to file the return, a penalty is imposed "unless it is shown that such failure is due to reasonable cause and not to willful neglect . . .." 26 U.S.C. § 6651. Similarly, a penalty is imposed for failure to pay the estate tax. 26 U.S.C. § 6651(a)(2). The Secretary's Regulations contain the following discussion of reasonable cause:

> [A] taxpayer who wishes to avoid the addition to the tax for failure to file a tax return or pay tax must make an affirmative showing of all facts alleged as a reasonable cause for his failure to file such return or pay such tax on time in the form of a written statement containing a declaration that it is made un-

**4**

der penalties of perjury. . . . If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause. A failure to pay will be considered to be due to reasonable cause to the extent that the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship . . . if he paid on the due date.

26 C.F.R. § 301.6651–1.

The executor's position is that he reasonably relied upon the advice of his attorney and did not willfully neglect to file the return and pay the federal estate taxes. The I.R.S.'s position is that imposition of the penalty is necessary to insure collection of the tax. Further, defendant maintains that the executor has an obligation to assume responsibility for seeing to it that the estate's attorney acts with diligence.

 Reliance upon an attorney to give proper advice and to see to it that the lawful obligations of the estate are discharged is reasonable. *In re Fisk's Estate*, 203 F.2d 358, 360 (6th Cir. 1953). *But cf. Geraci v. Commissioner of Internal Revenue*, 502 F.2d 1148 (6th Cir. 1974); *Duttenhofer v. Commissioner of Internal Revenue*, 410 F.2d 302 (6th Cir. 1969). Reliance upon the advice of counsel constitutes good cause within the meaning of 26 U.S.C. § 6651 if: (1) the taxpayer is unfamiliar with the tax law; (2) he has made full disclosure of all relevant facts to his attorney; and (3) he has exercised ordinary business care and prudence. *Giesen v. United States*, 369 F.Supp. 33, 35–36 (W.D.Wis.1973).

The Court makes the following findings of fact. Mr. Clum was not aware of his obligation as executor to file a return and pay the federal estate taxes. The failure to file the return and pay the taxes was through no fault of his own. He disclosed all relevant facts to Mr. Gray which would have permitted the timely discharge of his duties as executor. The Court specifically finds that considering his age, education and prior experience plaintiff exercised ordinary business care and prudence in the selection of Mr. Gray as his attorney and in the discharge of his duties as executor. His experience was such that he relied upon his attorney to prepare all required legal documents and to present them to him for signature. The Court believes that he acted reasonably and had no greater duty.

The Court HOLDS that plaintiff has met his burden of showing reasonable cause for failing to file the estate tax return and for failing to pay the federal estate taxes. The Court FURTHER HOLDS that plaintiff's failure was not willfully negligent.

The Court directs that judgment be entered for plaintiff in the amount of $2,936.25 together with interest and costs.