**Michael J. RUEL et al., Plaintiffs,**

v.

**UNITED STATES of America,
Defendant.**

No. 75–C–388.

United States District Court,
E. D. Wisconsin.

Dec. 14, 1976.

Robert E. Meldman, Milwaukee, Wis., for plaintiffs.

William J. Mulligan, U.S. Atty., by John A. Nelson, Asst. U.S. Atty., Milwaukee, Wis., and Vicki G. Cheikes, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs in this action are Michael J. Ruel, the personal representative of the es-

tate of Rose M. Ruel, deceased, and Michael J. Ruel, Patrick J. Ruel, and Peter J. Ruel, the sole heirs of Rose M. Ruel, deceased. Pursuant to 28 U.S.C. § 1346(a)(1), the plaintiffs seek a refund of a late filing and payment penalty of $3,556.47 assessed by the internal revenue service against the estate of Rose M. Ruel, deceased, pursuant to 26 U.S.C. § 6651. The plaintiffs have filed a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, supported by affidavits of the personal representative and of the attorney retained by the personal representative to handle matters relating to the estate. The defendant has filed a cross-motion for summary judgment, or in the alternative, a motion in opposition to the plaintiff's motion, supported by one plaintiff's answers to the defendant's interrogatories and the retained attorney's application for an extension of time to file a United States estate tax return. I believe all of the motions should be denied.

Rule 56(c) provides in part that summary judgment should be granted when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." For the most part, the parties to this action agree on the material facts.

■ The plaintiffs' request for relief is governed by 26 U.S.C. § 6651, which requires a delinquent taxpayer to demonstrate reasonable cause for late filing of a return:

"Failure to file tax return.

"(a) Addition to the tax.—In case of failure—(1) to file any return . . . on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such fail-

ure continues, not exceeding 25 percent in the aggregate."

Hence, to be entitled to judgment as a matter of law, the plaintiffs must establish that the late filing of the United States estate tax return rests on reasonable cause rather than willful neglect. While the surrounding facts are not in dispute, I find that the matter of reasonable cause versus willful neglect may not be resolved upon the present record.

Decisions involving the untimely filing of an estate tax return have held that a delinquent taxpayer's reliance on the advice of a retained expert, either an attorney or an accountant, constitutes reasonable cause and thus insulates a taxpayer from the penalty prescribed by 26 U.S.C. § 6651, if three conditions are met. The taxpayer must be unfamiliar with tax laws; the taxpayer must fully disclose all relevant facts to the retained expert; and the taxpayer must exercise ordinary business care and prudence by selecting a competent tax expert, supplying the expert with all necessary information, and asking the expert to prepare the proper returns. *Giesen v. United States,* 369 F.Supp. 33 (W.D.Wis.1973).

■ That the personal representative in this action has met the first two conditions is undisputed by competent evidence. It is uncertain on the present record whether the personal representative has satisfied the third condition, that of exercising ordinary business care and prudence. This aspect of the test appears to require more than careful selection of and cooperation with an expert. In *Giesen,* supra, the court found that the taxpayer frequently questioned counsel about the progress of estate proceedings, specifically inquired into attendant tax requirements, and regularly received assurances from counsel as to the propriety and progress of all estate matters.

The plaintiffs have cited other cases involving late filing of estate tax returns as authority for the proposition that reliance on the advice of counsel constitutes reasonable cause for untimely filing. However, in these cases the courts found that the taxpayer specifically inquired into the progress

of the retained expert's work or into tax requirements, or that the expert explicitly advised the taxpayer with regard to filing deadlines, or both. *Fisher v. United States,* 36 AFTR 75–6436 (W.D.Wis.1975); *Estate of Dorothy P. Crute,* 33 TCM 1073 (1974); *Estate of Norma S. Bradley,* 33 TCM 70 (1974).

Although another line of cases fails to hold a taxpayer to a duty of inquiry, these cases are distinguishable from the present action. These cases involved counsel's legal judgment and advice that no return was required. By virtue of the taxpayer's lack of legal expertise, no role for further inquiry existed. E. g. *Burton Swartz Land Corp. v. Commissioner of Int. Rev.,* 198 F.2d 558 (5th Cir. 1952); *Commissioner of Int. Rev. v. American Ass'n of Eng. Emp.,* 204 F.2d 19 (7th Cir. 1953).

The case law therefore requires a taxpayer's inquiry or a retained expert's explicit advice which obviates the need for inquiry. An examination of the facts contained in this record reveals only that the retained attorney did not advise the personal representative of the filing deadline or of the approved extended deadline. The record is silent, however, with regard to whether the personal representative inquired of counsel as to the existence and timing of tax responsibilities or as to counsel's activities and progress with respect thereto. Since the record is silent on the issue of the taxpayer's inquiry of retained counsel, a disposition of this action by summary judgment is inappropriate at this time.

Therefore, IT IS ORDERED that the plaintiffs' motion for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion for summary judgment be and hereby is denied.