**Gordon R. COATES and Thelma B. Coates, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15516.**

United States Court of Appeals Eighth Circuit.

June 19, 1956.

Otto R. Erker, St. Louis, Mo. (Francis J. Sullivan, St. Louis, Mo., was with him on the brief), for petitioners.

Marvin W. Weinstein, Attorney, Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson, Robert N. Anderson and Ronald C. Meteiver, Attys., Dept. of Justice, Washington, D. C., were on the brief), for respondent.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review a decision of the Tax Court determining that petitioners were liable for a tax of $2,462.25 under Section 294(d)(1)(A) of the Internal Revenue Code of 1939, 26 U.S.C. 1946 ed., § 294(d)(1)(A), which requires a percentage addition to a tax "In the case of a failure to make and file a declaration of estimated tax within the time prescribed [see 26 U.S.C.1946 ed. § 58], unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect".

The petitioners did not file a timely declaration of estimated tax for the year 1950, and the Commissioner of Internal Revenue determined that they were liable for an addition to tax in the amount of $2,462.25, and assessed a deficiency accordingly. They petitioned the Tax Court for a redetermination of the deficiency, asserting that their failure to file a timely declaration of estimated tax for the year 1950 was due to reasonable cause and not due to willful neglect, because they justifiably had relied upon the advice of a tax expert and had delegated to him the responsibility of preparing and filing their tax returns and declarations.

The sole issue presented to and tried by the Tax Court was whether the failure of petitioners to file a timely declaration of estimated tax was due to reasonable cause and not to willful neglect.

The Tax Court found that petitioner Gordon R. Coates had large business interests and regularly received salary in excess of $5,000 per year and dividend income in excess of $60,000 annually; that Coates from 1936 through 1950 had employed Joseph H. Deeken, an attorney and certified public accountant, to handle all of the tax matters of Coates, including the preparation and filing of returns and declarations; that during each of the years 1936 through 1950 Coates relied completely upon the

advice and services of Deeken to see that all tax returns and similar documents were prepared and filed when due and that all taxes due from Coates were timely paid; and that, in reliance upon his accountant, Coates believed that all necessary tax documents for the year 1950 had been filed.

The Tax Court found that Coates kept books and records showing the income and expenses of his business interests; that early in 1950 Deeken received a tabulation of the books and records for use in the preparation of the necessary tax returns and documents; that prior to March 15, 1950, Coates discussed with Deeken the outlook for his companies in the coming year and his whole income; that Deeken did not tell Coates not to file a declaration of estimated tax for the year 1950; that prior to March 15, 1950, there was no discussion as to whether such a declaration should be filed; that at no time did Deeken indicate to Coates that any tax document, return, declaration or other paper that should have been filed was not filed; and that Coates on January 15, 1951, filed a declaration of estimated tax for 1950 with a remittance of $30,000.00.

The Tax Court found that, subsequent to an investigation of Coates' income for 1950, Deeken prepared and submitted the following letter to Coates for his signature.

"July 1, 1952.
"Internal Revenue Department
St. Louis
Missouri
"Gentlemen:
"With regard to the taxpayers filing an estimate in January 1951 for the 1950 tax the taxpayers filed the estimate in January 1951 and paid $30,000.00 in taxes in order to have at least 80% of the tax paid as required. However, it is difficult to determine the estimated income because of the operation of a farm and the farm operations cannot be determined prior to the end of the year. The taxpayers overpaid their 1948 taxes by $3,957.64 and overpaid their 1949 taxes by $8,116.86 and overpaid their 1951 taxes by $1,291.32.

"It is because of this and the belief that the important factor was to have 80% of the tax paid that the taxpayers did not file estimated tax returns prior to January, 1951 for 1950. Taxpayers did for 1952 file an estimated return prior to June 15, 1952 and paid the tax installment.

Gordon R. Coates";

and that Coates signed this letter upon the instruction of Deeken without being told whether Deeken's failure to prepare a declaration of estimated tax was pertinent.

The findings of the Tax Court as to the evidentiary facts are entirely fair, accurate and adequate. It is the inference drawn from the facts by the Tax Court about which the petitioners complain. The conclusion of the Tax Court is stated in its opinion as follows:

"Petitioners failed to file a declaration of estimated tax for the taxable year 1950 as required by section 58(a) Internal Revenue Code of 1939. Respondent has accordingly determined that petitioners are subject to an addition to tax pursuant to section 294(d)(1)(A), Internal Revenue Code of 1939.

"Petitioners do not deny the existence of the obligation to file an estimate and pay part of the tax. They argue, however, that reliance upon their accountant constitutes reasonable cause for failure to file the required declaration. Whether or not reasonable cause exists is a question of fact to be decided upon the peculiar circumstances of each case. Petitioner was a successful business man. He had large and diverse business interests. He regularly received salary in excess of $5,000 per year and dividend income in excess of $60,000 per year. He filed timely declarations of estimated tax for each of the years since the enactment of the withholding tax in 1943 through 1949. It does

**462**

not appear that prior to March 15, 1950 petitioner considered whether a declaration for 1950 should be filed and he did not consult his accountant specifically with regard to the filing of a declaration for 1950. Petitioner testified that early in 1950 he submitted a tabulation of his books and records to his accountant for use in the preparation of his 1949 income tax return and any necessary tax documents. Thereafter in reliance upon his accountant he believed that all of the necessary tax documents for 1950 had been filed. The only reason offered by petitioner for this reliance is that the accountant had been handling his tax work for fourteen years and was thoroughly familiar with his affairs. Under the circumstances here present we are unable to conclude that the failure to file a declaration was due to reasonable cause.

"Petitioner filed a declaration for each of the seven years prior to the year in question. He could not have helped but know that his expected income for 1950 required him to file an estimate.

"Under circumstances such as existed here, where the taxpayer has regularly received substantial taxable income for a number of years and has been accustomed to file declarations of estimated tax, where he anticipated no material change in the sources and amounts of his income and was fully aware of the requirement for filing a declaration, his failure to file a declaration of estimated tax for the year involved cannot be excused on the ground that he relied upon his accountant. Cf. Hyman B. Stone, 22 T.C. 893, 906; Malcolm Clifton Davenport, 6 T.C. 62, 67. The mere placing of a tabulation of his books and records in the hands of his accountant and thereafter giving no more of his personal attention to the question of the filing of required returns does not appear to us to be the exercise of ordinary business care and prudence. As this Court pointed out in Ned Wayburn, 32 B.T.A. 813, 818, 'The rendering of a proper return should be regarded by every citizen as a vital part of his life equally with that of attention to his business.' Reliance Factoring Corporation, 15 T.C. 604, and Haywood Lumber & Mining Co. v. Commissioner [2 Cir.], 178 F.2d 769, both of which involved personal holding company returns which the taxpayers there were not accustomed to filing, are distinguishable.

"Petitioners' failure to file a declaration of estimated tax for 1950 was due to willful neglect and not due to reasonable cause. Accordingly the addition to tax determined by respondent is sustained."

■■ If the issue tried and determined was an issue of fact for the Tax Court and not an issue of law for this Court, there can be no reversal, even though we may not agree with the determination. The Tax Court was the trier of the facts, which this Court is not. We agree with the statement of the Tax Court that whether or not reasonable cause exists for failure to file the required declaration is a question of fact to be decided upon the peculiar circumstances of each case. How far and to what extent a taxpayer may relieve himself of responsibility for the timely filing of tax returns or declarations of estimated tax by delegating that responsibility to another would seem to be a question which properly should be left to the Tax Court for decision. While it is apparent from the evidence and the findings of that court that the failure of the petitioners to file a timely declaration of estimated tax was due to their complete reliance upon Deeken to attend to all of their tax matters, we are not called upon to substitute our judgment for that of the Tax Court as to whether such reliance constituted reasonable cause for failure to file the declaration

of estimated tax required of the petitioners by law.

This Court, upon review, will not retry issues of fact or substitute its judgment for that of a trial court; and the power of a court or an administrative agency to decide doubtful questions of fact within the limits of its jurisdiction is not confined to deciding them correctly or in conformity with what might be the views of this Court. See and compare: Pittsburgh Plate Glass Co. v. National Labor Relations Board, 8 Cir., 113 F.2d 698, 701; Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 417, 150 A.L.R. 1056; Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 137–138; Weiss v. Commissioner of Internal Revenue, 8 Cir., 221 F.2d 152, 156.

The decision of the Tax Court is affirmed.