ESTATE of Anthony GERACI, Deceased, Norma Geraci, Executrix, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 74-1230.

United States Court of Appeals, Sixth Circuit.

Argued June 19, 1974.

Decided Sept. 5, 1974.

Anthony LaPerna, Cleveland, Ohio, for petitioner-appellant; Rudolph J. Geraci, Cleveland, Ohio, on briefs.

David E. Carmack, Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Bennet N. Hollander, Michael J. Roach, Attys,. Tax Div., Department of Justice, Washington, D. C., on briefs.

Before PHILLIPS, Chief Judge, and WEICK and ENGEL, Circuit Judges.

PER CURIAM.

The sole issue in this appeal is whether the failure of an executrix to file a federal estate tax return within the prescribed time was due to reasonable cause and not due to willful neglect. Int. Rev. Code of 1954, § 6651(a).

At the time of the decedent's death, March 27, 1967, a federal estate tax return was required to be filed "within 15 months after the date of the decedent's death." Int. Rev. Code of 1954, § 6075(a). The due date for the estate

tax return in the present case was, therefore, June 27, 1968. The decedent's widow, the appellant on behalf of the estate, was appointed executrix of the estate on May 1, 1967. The federal estate tax return was filed on August 28, 1968.

In accordance with § 6651(a), the Commissioner asserted a 15 per cent addition to the appellant's estate tax, amounting to $4,182.46, for failure to file a return on time. Section 6651(a) imposes a five per cent addition for each month or fraction thereof for which the return is tardy, not to exceed 25 per cent. The 15 per cent addition in the present case was determined on the basis of the appellant's return being filed two months and one day late.

The appellant petitioned the United States Tax Court wherein she asserted that the following three reasons were sufficient to constitute reasonable cause for the tardy filing of the return: 1) The executrix, a housewife with no income of her own and little or no business experience, relied entirely on the attorney for the estate to file the return; 2) The attorney was incapacitated by illness during June and July of 1968; 3) The attorney was under the mistaken impression that "the return was due 15 months from the date of the appointment of the executrix rather than the date of death."

■ The Tax Court, in an opinion prepared by Judge Theodore Tannenwald, Jr., found that the above factors did not constitute reasonable cause for the failure to timely file the return. 32 CCH Tax Ct. Mem. 424 (1973). We affirm because we cannot hold on this record that the findings of the Tax Court are clearly erroneous. Rule 52(a), Fed.R. Civ.P. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, (1960); Estate of Frank Duttenhofer v. 289–291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 Commissioner, 49 T.C. 200, 204 (1967), aff'd, 410 F.2d 302 (6th Cir. 1969). *Compare*, In re Fisk's Estate, 203 F.2d 358, 359 (6th Cir. 1953).

Although we affirm, we do so unenthusiastically. The opinion of the Tax Court contains language critical of the "entirely passive role" of the executrix, 32 CCH Tax Ct. Mem. at 426, which we believe is unjustified. It was stipulated that the executrix was a housewife who had no income of her own. She had little or no business experience and it was further stipulated that she relied entirely on the attorney for the estate, a kinsman of her deceased husband, to file the federal estate tax return.

Counsel for the executrix states as follows in his reply brief:

"[D]iscussions were had [between the executrix and him] as to what had to be done and when. *It would be unrealistic to assume that there was no discussion between the Executrix and the attorney as to what had to be done and when, how much money would have to be set aside for this tax and that tax, etc.*" (Emphasis in original.)

Further, counsel for the executrix states that after his illness he went to the office of the Estate and Gift Tax Group of the Cleveland District of the Internal Revenue Service (IRS), presumably prior to August 28, 1968, and orally requested an extension of time to file the estate tax return. Counsel states that an IRS employee informed him that the penalty set forth in the statute was seldom enforced where the return was filed within a reasonable time and there was some reason for delay. Counsel did not make the application for extension of time in writing as required by Treas. Reg. § 1.6081–1(b)(1), and there is no verification in the record of any aspect of his conversation with IRS employees in the Cleveland District.

■■ Section 6651(a) places the burden on the taxpayer of proving that the failure to timely file a federal tax return was "due to reasonable cause and not due to willful neglect." Absent such a showing by the taxpayer, imposition of the addition is mandatory. *Cf.* Fidelity & Columbia Trust Co. v. Commissioner

**1150**

of Internal Revenue, 90 F.2d 219, 223 (6th Cir.), cert. den., 302 U.S. 723, 58 S.Ct. 44, 82 L.Ed. 558 (1937). Although we are sympathetic with the plight of the executrix and would have preferred that the IRS have settled this matter at the administrative level and thereby avoided a harsh result, we cannot reverse the decision of the Tax Court on the record before us.

Affirmed.