**UNITED STATES of America,**
**Plaintiff-Appellant**

v.

**Richard L. KROLL, Executor of the Estate of Gertrude O'Reilly, Deceased, Defendant-Appellee.**

**No. 76–1409.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 28, 1976.

Decided Jan. 12, 1977.

Scott P. Crampton, Asst. Atty. Gen., Francis J. Gould, Atty., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Howard H. Koppa, Milwaukee, Wis., for defendant-appellee.

Before MOORE, Senior Circuit Judge,* and SWYGERT and TONE, Circuit Judges.

MOORE, Senior Circuit Judge.

The United States of America (the "Government") plaintiff-appellant, brought this suit to reduce to judgment a penalty of $16,414.69 which had been assessed against Richard L. Kroll, as Executor of the Estate of Gertrude O'Reilly ("Kroll"), defendant-appellee, for failure to file an estate tax return within the period provided by law. No opinion, findings of fact or conclusions of law exist other than as delivered orally by the District Court at the conclusion of the trial to which reference will be subsequently made. The determinative facts are not in material dispute.

The decedent died on July 13, 1967. Her son-in-law, Richard L. Kroll, was appointed the executor on July 18, 1967. His wife, decedent's daughter, was the sole heir of the estate, which was substantial. The bulk of the estate consisted of realty (apartment buildings), the management of which Kroll supervised, both before and after decedent's death. Filing of the federal estate tax return was due fifteen (15) months after death, or October 13, 1968.

Although Kroll was a college graduate with one year of law school added, had experience both with a large industrial company and a brokerage firm and had prepared and filed his own income tax returns for

---

* Honorable Leonard P. Moore, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

many years, he entrusted the preparation of the estate tax return to an attorney, William C. Dill, who had had some experience in this field.

The return which was due by October 13, 1968, was ultimately filed on October 27, 1969. The law (Section 6651(a)(1) of the Internal Revenue Code of 1954) provides in substance for a penalty [1] for failure to timely file "unless" it can be shown "that such failure is due to reasonable cause and not due to willful neglect." Regulations (§ 301.6651–1(c)(1): 26 C.F.R.) define an acceptable excuse for non-compliance as a showing that the taxpayer "exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time."

The sole issue before this Court is whether the taxpayer has shown "reasonable cause" and "ordinary business care and prudence."

Kroll takes the position that he relied on his attorney to file the return and this reliance "CONSTITUTED REASONABLE CAUSE AS A MATTER OF LAW FOR THE FAILURE TO FILE THE RETURN TIMELY." (Appellee's Brief, p. 9).

The District Court in a conclusory way found that Kroll "was entitled to rely and did rely in good faith on his attorney." This conclusion, in our opinion, is not supported by the facts. Insofar as any question of tax law, complicated or otherwise, might have been involved, there is little doubt that Kroll would have been entitled to entrust these problems to an attorney for resolution. The intricacies of the Internal Revenue Code with its sections, sub-sections, paragraphs and sub-paragraphs, cross-references, etc. often require the tax expertise of the most skilled, and on occasion, a soothsayer or attorney able to divine the ultimate result in some appellate court. But no such problems were here presented to Kroll or Dill. Their only task with respect to filing was to read a calendar and to jot down on their desk or office records a single date. Nothing would be found in the tax treatises to inform Kroll that he had to sign the return and draw a check. This task was exclusively his and was one which he had done for his own affairs and for the estate as to income tax. Obviously, Dill could not have handled these matters for him. As the executor, Kroll was burdened with the responsibilities imposed on him by law, namely, to file a return. And quite apart from the law, the fact that his wife was the sole beneficiary of a large sum of money to become available through his stewardship, could not have been totally absent from his thoughts.

The District Court found that there was "no evidence that he [Kroll] failed to make a full disclosure to his lawyer" and that "Mr. Kroll was not an expert in the field of tax or estate reporting." Neither fact plays a role here. It may be assumed that Kroll made full disclosure of the facts necessary for tax calculation and that he was not a tax expert, but disclosure and tax expertise are not in issue. The sole issue is Kroll's knowledge of the filing date and his failure to file on time.

Even assuming, contrary to fact, that Kroll had planned, in retaining Dill, not to give the estate another thought, the Internal Revenue Service did not permit this euphoric status to remain unnoticed. Charged with the collection of the revenue, it had noticed the O'Reilly estate's dereliction but with forebearance allowed a two and a half months period to elapse before calling this omission to Kroll's specific attention. By letter dated January 9, 1969 the Service advised Kroll that no return had been filed when due and even disclosed the method by which he might be able to avoid a penalty—if the facts so warranted. Kroll opened and read the letter and straightaway took it to Dill for an explanation. Dill's explanation was that the estate needed more time to liquidate property to pay the tax. Nevertheless, Dill, by letter (copy to Kroll) assured the Service that the

---

1. Five percent (5%) for the first month and 5% for each additional month not to exceed 25% in the aggregate. The penalty here would be the maximum amount, the delay having been over a year.

return would be filed no later than April 1, 1969. Here was another date entry to be noted on Kroll's records. No return was filed by this date and the record discloses no effort or even inquiry on Kroll's part to check as to whether that deadline had been met. And at least Kroll must have known that he had not signed a return as executor nor had he drawn an estate check for the tax. Despite this uncontradicted proof of Kroll's awareness of the facts, the District Court concluded that Kroll was entitled to rely on Dill and he did so in good faith. With this conclusion we must disagree as completely unsupported by the facts and accordingly reverse the judgment below.

Whether or not the taxpayer is liable for taxes is a question of tax law which often only an expert can answer. The taxpayer not only can, but must, rely on the advice of either an accountant or a lawyer. This reliance is clearly an exercise of ordinary business care and prudence.

Such a situation is exemplified in this Circuit by the case of *Commissioner of Internal Revenue v. American Ass'n of Engineers Employment, Inc.*, 204 F.2d 19 (7th Cir. 1953). In that case, the taxpayer corporation failed to file federal tax returns for five years, in reliance on the written opinion of a tax attorney that it was an exempt corporation. The Tax Court disapproved the 25% penalty imposed by the Commissioner, and this Court affirmed, stating:

> "We think that this is a case where the taxpayer did all that it was required to do and that it should not be penalized for an error made by its expert tax counsel in deciding a close question of law." 204 F.2d at 21.

An entirely different situation is presented where a penalty is assessed because a return, although filed, is filed after the due date. This situation often arises where the taxpayer knows that he must file a return, but entrusts the preparation and filing of the return to an attorney or an accountant. Any layman with the barest modicum of business experience knows that there is a deadline for the filing of returns and knows that he must sign the return before it is filed. If, in addition, the taxpayer in a given case knows the exact date of the deadline, then the failure of his attorney or accountant to present him with the return for his signature before that date must put him on notice that reliance on the attorney or accountant is not an exercise of ordinary business care and prudence.

This situation is exemplified in the Fifth Circuit case, *Logan Lumber Co. v. Commissioner of Internal Revenue*, 365 F.2d 846 (5th Cir. 1966). In that case, the Fifth Circuit upheld the assessment of a penalty for a late filing, over the taxpayer corporation's claim of reliance on its accountant. The Court held that this reliance was unfounded in light of the fact that the company's treasurer had signed a "tentative return" two days before the due date, indicating that he was aware of the deadline. The instant case is indistinguishable. Whether or not Kroll knew the date of the deadline (October 13, 1968) before it passed, he was apprised on January 9, 1969 that the deadline had passed three months previously. His reliance on Dill from this date onwards was not an exercise of ordinary business care and prudence.[2]

Thus, we hold that, when there is no question that a return must be filed, the taxpayer has a personal, nondelegable duty to file the tax return when due. Compare *Commissioner v. American Ass'n of Engineers Employment, Inc., supra*, and *Cedarburg Canning Co. v. Commissioner of Internal Revenue*, 149 F.2d 526 (7th Cir. 1945), with *Consolidated-Hammer Dry Plate & Film Co. v. Commissioner of Internal Revenue*, 317 F.2d 829 (7th Cir. 1963). Cf. *Rubber Research, Inc. v. Commissioner of Inter-*

---

**2.** We need not decide whether Kroll's reliance was justified prior to this date. Almost ten months passed between January 9 and October 27 when the return was finally filed. The 25% maximum penalty can be assessed after a delay of five months. Thus, the maximum penalty was proper whether the delay is determined to have begun on October 13, 1968 (the due date), or on January 9, 1969 (the date Kroll learned that the return was already three months late).

*nal Revenue*, 422 F.2d 1402 (8th Cir. 1970); *Estate of Duttenhofer v. Commissioner of Internal Revenue*, 410 F.2d 302 (6th Cir. 1969); and *Coates v. Commissioner of Internal Revenue*, 234 F.2d 459 (8th Cir. 1956). This view accords with that of the Fifth and Ninth Circuits. See *Logan Lumber Co. v. Commissioner, supra*, and *Ferrando v. United States*, 245 F.2d 582 (9th Cir. 1957). In the cases holding that no penalty may be imposed because of good-faith reliance on counsel, the question was whether a return had to be filed. The advice relied on related to that question. Those cases do not sanction an abdication of responsibility for the timely filing of a return admittedly due. *See, e. g., Burton Swartz Land Corp. v. Commissioner of Internal Revenue*, 198 F.2d 558 (5th Cir. 1952); *Orient Investment & Finance Co. v. Commissioner of Internal Revenue*, 83 U.S.App.D.C. 74, 166 F.2d 601 (1948); and *Hatfried, Inc. v. Commissioner of Internal Revenue*, 162 F.2d 628 (3d Cir. 1947).[3]

For the reasons above-stated, the judgment appealed from should be reversed, except as to interest in the sum of $4,505.27, and judgment should be entered in favor of the Government for the penalty of $16,414.69.[4]

---

**3.** To the extent that *Giesen v. United States*, 369 F.Supp. 33 (W.D.Wis.1973), on which Kroll relies, is contrary to this opinion, it is in our view incorrect. In *Haywood Lumber & Mining Co. v. Commissioner*, 178 F.2d 769, 770–771 (2d Cir. 1950), cited by the district court in *Giesen*, the taxpayer's secretary-treasurer "had never studied [the personal holding company surtax statute] and it did not occur to him that the [corporation] was a personal holding company." In reversing the Tax Court's conclusion that reasonable cause had not been established,

Judge Swan noted that the taxpayer's secretary-treasurer "affirmatively requested the preparation by his consultant [a certified public accountant] of proper returns." *Id.* at 771. Implicit in the accountant's failure to submit the requisite personal holding company returns, therefore, was his advice that such returns need not be filed by the corporation.

**4.** The estate has not appealed from the interest assessment.