**Michael J. RUEL et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 75–C–388.

United States District Court, E. D. Wisconsin.

April 20, 1977.

say that no such facts are not now confidential."

Robert E. Meldman, Milwaukee, Wis., for plaintiffs.

William J. Mulligan, U. S. Atty. by John A. Nelson, Asst. Atty. Gen., Milwaukee, Wis., for defendant; Jeffery D. Snow, Dept. of Justice, Tax Div., Washington, D. C., of counsel.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved for summary judgment, contending that it is entitled to dismissal as a matter of law. The action is one in which the heirs and personal representative of Rose Ruel seek a refund under 28 U.S.C. § 1346(a)(1) of a late filing and payment penalty assessed against the estate pursuant to 26 U.S.C. § 6651.

In a ruling dated December 14, 1976, I denied cross-motions by the parties for summary judgment; I concluded at that time that the record was not clear whether the plaintiffs had exercised ordinary business care and prudence in selecting a competent attorney and whether inquiry had been made of such attorney as to the existence and timing of tax responsibilities. Reliance for my decision of December 14, 1976, was placed in part upon *Giesen v. United States*, 369 F.Supp. 33 (W.D.Wis.1973).

The defendant's present motion for summary judgment is bottomed upon the recent decision in *United States v. Kroll*, 547 F.2d 393 (7th Cir. 1977). In *Kroll*, the court of appeals explicitly restricted the significance of the district court's decision in *Giesen* and rejected the taxpayer's defense to the late filing penalty which had been based on the taxpayer's reliance on his attorney to file the return. Said the court of appeals in *Kroll* (p. 396):

". . . when there is no question that a return must be filed, the taxpayer has a personal, non-delegable duty to file the tax return when due."

The court distinguished the question of liability for the tax from the duty timely to file a return, stating as follows (p. 396):

"An entirely different situation is presented where a penalty is assessed because a return, although filed, is filed after the due date. This situation often arises where the taxpayer knows that he must file a return, but entrusts the preparation and filing of the return to an attorney or accountant. Any layman with the barest modicum of business experience knows that there is a deadline for the filing of returns and knows that he must sign the return before it is filed."

The plaintiffs' counsel have attempted to distinguish *Kroll* from the case at bar, noting that Mr. Kroll was a college graduate with significant business experience and that he had received a notice that an estate tax return was due. It is also urged by the plaintiffs that Michael Ruel, the personal representative of the deceased, did not receive a comparable notice from the internal revenue service informing him that a return was due.

Even if this court were convinced that Michael Ruel had less business training than Mr. Kroll and had received no formal notice of the obligation to file the estate tax return, I am bound by the direction of the court of appeals that there can be no "abdication of responsibility for the timely filing of a return admittedly due." Pursuant to *Kroll*, since there is no question in the case at bar that a return had to be filed, the plaintiffs had "a personal, non-delegable duty to file the tax return when due." The factual distinctions urged by the plaintiffs do not exempt them from the impact of the broad language of *Kroll*. It follows that the government's motion must be granted.

Therefore, IT IS ORDERED that the defendant's supplementary motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the plaintiffs' action be and hereby is dismissed, with costs.