Herbert B. RICHTER, Administrator of Estate of August H. Richter, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 4–76 Civ. 141.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 4, 1977.

James T. Martin, Robert W. Gislason & Associates, Ltd., Minneapolis, Minn., by brief, for plaintiff.

Andrew W. Danielson, U. S. Atty., Dist. of Minn. by Jeffrey D. Snow, Tax Div., Dept. of Justice, Washington, D. C., by brief, for defendant.

## MEMORANDUM ORDER

ALSOP, District Judge.·

This case is before the court on cross-motions for summary judgment based on stipulated facts. It is an action to obtain the refund of $18,388.59 paid to the Internal Revenue Service as a delinquency penalty and interest for failure to timely file an estate tax return.

As stipulated by the parties, the facts are that plaintiff (Richter) was the son and administrator of the estate of August H. Richter who died on May 23, 1971. Shortly after August Richter's death, the plaintiff engaged the services of a law firm to handle the legal affairs of the estate. Richter believed the firm to have a good reputation and to be competent in the area of probate and estate tax law. Richter had been a co-administrator of his uncle's estate and in that connection was represented by the same law firm.

Richter contends that although on June 9, 1971, he signed a Form 704-Estate Tax Preliminary Notice, which stated, *inter alia,* "Failure to file a required Form 705 within 15 months from the date of death may render executors, administrators, and persons in actual or constructive possession of the decedent's property liable for penalties," he was not aware of the time limitations for filing the August H. Richter estate tax return.

Richter did not sign the estate's tax return, nor was it filed, until January 22, 1974. Between June 1971 and January 1974, Richter made periodic and increasingly frequent inquiries of the law firm regarding the status of the estate. He was not advised that the return was overdue. His doctors suggested that his concern over the prolonged proceedings was an aggravating factor contributing to a high blood

pressure problem. Richter admittedly anticipated tax problems as well as distribution problems with the estate.

The estate tax return was filed on January 22, 1974, more than two and a half years after the decedent's death. The Internal Revenue Service subsequently assessed delinquent filing penalties and interest totalling $18,388.59, which was paid by Richter.

Richter is a partner in a hardware store business and has no business or tax law education or experience. His business tax work is done by an accountant.

Section 6018(a)(1) of the Internal Revenue Code of 1954, 26 U.S.C. § 6018(a)(1), as amended in 1970, requires that the executor of an estate file an estate tax return within nine months of the death of the decedent in all cases where the gross estate exceeds $60,000. 26 U.S.C. § 6651 imposes a delinquency penalty where the estate tax return is not filed on the prescribed date "unless it is shown that such failure is due to reasonable cause and not to wilful neglect."

There is no dispute that the estate tax return was not filed by the prescribed date. Unless the taxpayer, Richter, shows that the failure to make a timely filing was due to reasonable cause and not wilful neglect, the penalties are mandatory. *Rubber Research, Inc. v. Commissioner,* P–H Memo. T.C., Par. 69–024 (1960), *aff'd.* 422 F.2d 1402 (8th Cir. 1970).

■ The sole issue presented to the court is whether Richter's failure to file the estate tax return by the prescribed date was due to reasonable cause and not to wilful neglect. The taxpayer bears the burden of proof in establishing (1) reasonable cause and (2) no wilful neglect.

There is no evidence that Richter's failure to timely file was the result of wilful neglect. All the evidence shows that Richter was aware of the need to file a return and that he made increasingly frequent inquiries of the law firm with respect to the estate as time passed.

With respect to reasonable cause, Richter argues that his good faith reliance on the law firm to represent the estate and handle its affairs constitutes reasonable cause. The government contends that the duty of an executor to timely file an estate tax return is nondelegable and that reliance on an attorney to handle the estate does not constitute reasonable cause.

■ It is generally agreed that if the taxpayer exercises ordinary business care and prudence and is nonetheless unable to file the return within the prescribed time, the delay is due to reasonable cause. 36 C.F.R. § 301.6651–1(c)(1) (1977); *United States v. Kroll,* 547 F.2d 393 (7th Cir. 1977); *Northwestern Nat'l Bank of Sioux Falls v. United States,* 30 A.F.T.R.2d 72–5828 (1972). However, there is a division of opinion on the issue of whether reliance on the advice of an attorney constitutes reasonable cause under this standard.

Those cases which have held that reliance on an attorney is reasonable cause for delayed filing of an estate tax return have generally been of two types. In the first type the attorney gave specific legal advice to the executor advising the executor to delay filing for legal reasons. (*E. g., Northwestern Nat'l Bank of Sioux Falls v. United States, supra.*) In the second type the court rendering the opinion did so in reliance on cases in which *no* tax return was filed because of an attorney's advice to the taxpayer. (*E. g., Hatfried, Inc. v. Commissioner of Internal Revenue,* 162 F.2d 628 (3d Cir. 1974); *Haywood Lumber and Mining Co. v. Commissioner of Internal Revenue,* 178 F.2d 769 (2d Cir. 1950); *Giesen v. United States,* 369 F.Supp. 33 (W.D.Wis. 1973)[1].)

The instant case is distinguishable from the *Northwestern Bank* case in that Richter received no specific advice from his attorneys to delay filing. In *Northwestern Bank, supra,* the executor of the estate was

---

1. It should be noted that the opinion in this case was expressly disapproved in *United States v. Kroll,* 547 F.2d 393 (7th Cir. 1977).

advised by his attorneys to defer filing until a state court challenge to the validity of the will was resolved. Chief Judge Nichol found reliance on this advice to constitute reasonable cause for an untimely filing. In the instant case, Richter's attorneys never counselled him to defer filing; there is no evidence that he would have been acting contrary to their advice if he had filed the return in a timely manner.

■ Although in *Estate of Bradley,* .511 F.2d 527 (6th Cir. 1975), the Sixth Circuit refused to distinguish between the total failure to file a tax return and the failure to make a timely filing, this court concurs with the Seventh Circuit in believing that such a distinction is proper. In *United States v. Kroll,* 547 F.2d 393 (7th Cir. 1977), the court stated that although a taxpayer is entitled to rely on an attorney's advice with respect to questions of tax law, an executor has a nondelegable duty to file the tax return for the estate. The court noted that even a lay person with the barest modicum of business experience knows there is a deadline for filing returns. This is different from the case in which the taxpayer, in reliance on an attorney's professional advice, believes that he has no duty to file any tax return at all.

Richter, like the executor in *Kroll,* was aware of his responsibility to file a return for the estate, but relied on his attorneys to handle the filing. Richter was not advised to delay filing nor was he told that a return need not be filed.

The Ninth Circuit established the rule that an executor has a nondelegable duty to file the estate's return on time in *Ferrando v. United States,* 245 F.2d 582 (9th Cir. 1957). The court held that reliance on an attorney does not excuse an executor's inattention to simple and fundamental matters of which an untutored lay person should be aware.

■ As stated in *Pfeiffer v. United States,* 315 F.Supp. 392 (C.D.Cal.1970), the acceptance of the job of executor imposes a duty to exercise a minimum amount of responsibility in superintending the adminis-

tration of the estate. In *Pfeiffer* the executor had signed the same estate tax preliminary notice form including the filing deadline that Richter did. The court stated that the executor had a duty to ascertain his obligations and oversee the activities of the estate.

■ Although Richter had no professional training or experience in law or taxes, he had served as a co-administrator on one previous occasion and he knew that his duties as administrator of his father's estate included the filing of an estate tax return. Richter's continued and increasing inquiries of the law firm with respect to the tax return evidence his awareness of the necessity to file within a certain time period. It was incumbent upon Richter, as administrator, to ascertain the date by which the return had to be filed and to insure its filing by that date.

As noted in *Estate of Geraci v. Commissioner of Internal Revenue,* 502 F.2d 1148 (6th Cir. 1974), the harsh penalty imposed by 26 U.S.C. § 6651 may fall upon some hapless victims (in that case, a housewife with no business experience who relied on an attorney engaged to represent the estate). However, the statute speaks clearly, and unless there is reasonable cause for the delay and no wilful neglect, the penalty must be assessed. Although reliance on the specific advice of an attorney to delay filing a return or to forego filing altogether may constitute reasonable cause, an administrator may not free himself from the obligation to timely file an estate tax return simply by referring the entire handling of the estate to a law firm. The latter situation does not rise to the standard of relying on an attorney's advice and does not constitute reasonable cause for the failure to file within the statutory period.

Upon the foregoing,

IT IS ORDERED That plaintiff's motion for summary judgment be and hereby is denied.

IT IS FURTHER ORDERED That defendant's motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED That the clerk enter judgment of dismissal.