Annie **DALEY, Individually and as Executrix of the Last Will and Testament of Francis M. Daley, Deceased, Plaintiff,**

v.

**UNITED STATES of America and Internal Revenue Service, Defendants.**

Civ. No. A2–79–6.

United States District Court,
D. North Dakota,
Northeastern Division.

Nov. 27, 1979.

Thomas L. Trenbeath, DePuy, O'Connor & Goulet, Ltd., Grafton, N.D., for plaintiff.

Gary Annear, Asst. U. S. Atty., Fargo, N.D., for defendants; Jeffrey D. Snow, Atty., Tax Div., Dept. of Justice, Washington, D.C., of counsel.

## ORDER

BENSON, Chief Judge.

The above entitled action was brought by plaintiff under 28 U.S.C. § 1346(a)(1) to recover penalties assessed against plaintiff as executrix of her deceased husband's estate for the late filing of an estate tax return and the late payment of estate taxes due. The assessed penalties having been paid, this court has jurisdiction to hear this action for refund. *Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).

The parties have filed cross motions for summary judgment. A party is entitled to summary judgment if there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law. F.R.Civ.P. 56(c). Summary judgment is an extreme remedy and it is not to be entered unless the moving party establishes its right to a judgment in its favor with such clarity as to leave no room for controversy and the other party is not entitled to recover under any discernible circumstances. In ruling on the motion the court must view the facts in the light most favorable to the party opposing the motion and must give that party the benefit of all reasonable inferences to be drawn from the facts disclosed. *Equal Employment Opportunity Comm'n v. Liberty Loan Corp.,* 584 F.2d 853, 857 (8th Cir. 1978).

Francis M. Daley died on October 12, 1971. On November 4, 1971 plaintiff was appointed executrix of her husband's estate. She caused an inventory to be made of the contents of the deceased's safety deposit box at a bank in Grafton, North Dakota. The inventory was forwarded to plaintiff's attorney, who was engaged to handle the affairs of the estate.

At the time of decedent's death, 26 U.S.C. § 6018 imposed upon executors the duty to file an estate tax return when the gross estate exceeded $60,000.00. The return was due within nine months of the date of death. 26 U.S.C. § 6075. To comply with the Internal Revenue Code, plaintiff would have had to file an estate tax return on or before July 12, 1972. The return was not actually filed and received by the Internal Revenue Service (IRS) until May 1975. Plaintiff made no application for an extension of time and there was no extension granted.

The IRS assessed two penalties against plaintiff. A penalty of $9,457.65 was assessed for failure to file an estate tax return on a timely basis, 26 U.S.C. § 6651(a)(1), and a penalty of $6,305.10 was assessed for failure to pay the estate tax within the proper time. 26 U.S.C. § 6651(a)(2). The total amount of penalties assessed was $15,762.75. Plaintiff seeks to recover that sum, plus interest, for a total refund of $18,672.56.

The assessment of a penalty for late filing of estate tax returns and late payment of estate taxes due is mandatory. 26 U.S.C. § 6651(a); *Rubber Research, Inc. v. Commissioner,* 422 F.2d 1402 (8th Cir. 1970). The taxpayer may obtain a refund of the penalties assessed and paid if she shows that the failure to file the return and pay the tax within the statutory period is due to reasonable cause and not due to willful neglect. 26 U.S.C. § 6651(a). The burden of showing reasonable cause and absence of willful neglect is on the taxpayer. *Rubber Research, Inc., supra; Ferran-*

*do v. United States,* 245 F.2d 582, 587 (9th Cir. 1957). "Reasonable cause" is defined as the exercise of "ordinary business care and prudence." 26 C.F.R. § 301.6651–1(c). *See also United States v. Kroll,* 547 F.2d 393, 395 (7th Cir. 1977); *Richter v. United States,* 440 F.Supp. 921, 923 (D.Minn.1977); *Pfeiffer v. United States,* 315 F.Supp. 392, 395 (E.D.Cal.1970).

■ In considering the motion the court will assume an absence of willful neglect. The remaining question is whether plaintiff exercised ordinary business care and prudence. If she did, she is entitled to a refund of the penalties paid. The existence of reasonable cause is a question of fact to be decided on the peculiar circumstances of each case. *Coates v. Commissioner,* 234 F.2d 459, 462 (8th Cir. 1956). The elements that must be present to constitute reasonable cause, however, are questions of law. *Haywood Lumber & Mining Co. v. Commissioner,* 178 F.2d 769, 772 (2d Cir. 1950); *Hatfried v. Commissioner,* 162 F.2d 628, 635 (3d Cir. 1947).

Plaintiff contends that reasonable cause in this case is shown by: (1) her reliance on her attorney; and (2) the absence of actual knowledge on her part that the filing of an estate tax return and the payment of estate taxes were required.

■ In determining whether reliance on an attorney constitutes reasonable cause for the late filing of a tax return, courts distinguish between situations where there is a question whether a return must be filed and situations where there is no question that a return must be filed. Thus, where a taxpayer relies in good faith on his attorney's advice that a return need not be filed because the taxpayer is an exempt organization or because the gross estate is less than $60,000.00, and that advice turns out to be erroneous, the taxpayer has acted with ordinary business care and prudence. *United States v. Kroll,* 547 F.2d 393, 397 (7th Cir. 1977); *Commissioner v. American Ass'n of Engineers Employment, Inc.,* 204 F.2d 19 (7th Cir. 1953). But where there is no question that a return must be filed, and the taxpayer relies on his attorney to pre-

pare and file the return, the reliance on the attorney does not constitute reasonable cause for the late filing. *United States v. Kroll, supra; Estate of Geraci v. Commissioner,* 502 F.2d 1148 (6th Cir. 1974); *Estate of Lammerts v. Commissioner,* 456 F.2d 681, 683 (2d Cir. 1972); *Estate of Duttenhofer v. Commissioner,* 410 F.2d 302 (6th Cir. 1969); *Logan Lumber Co. v. Commissioner,* 365 F.2d 846, 853 (5th Cir. 1966); *Ferrando v. United States,* 245 F.2d 582, 586 (9th Cir. 1957); *Richter v. United States,* 440 F.Supp. 921, 924 (D.Minn.1977); *Ruel v. United States,* 430 F.Supp. 1122 (E.D.Wis. 1977); *Pfeiffer v. United States,* 315 F.Supp. 392, 396 (E.D.Cal.1970). This result is required because the duty to file the tax return when due is personal and may not be delegated. *Kroll, supra; Ferrando, supra.* The negligence of the taxpayer's attorney can neither be imputed to the taxpayer nor exonerate her from the penalties imposed for the failure to perform her statutorily imposed duty. *Haywood Lumber & Mining Co. v. Commissioner,* 178 F.2d 769, 771 (2d Cir. 1950). To determine whether reasonable cause exists, the conduct of the taxpayer, not her attorney, is determinative. A taxpayer does not act with reasonable cause, *i. e.,* with ordinary business care and prudence, when she entrusts the preparation and filing of the tax return to her attorney and thereafter does not concern herself further with the matter. *United States v. Kroll, supra.*

■ Plaintiff, who has the burden of showing reasonable cause, does not contend that her attorney advised her that it would not be necessary to file a tax return. Hers is a simple case of having entrusted the affairs of the estate to her attorney. As a matter of law, such entrustment and reliance does not constitute reasonable cause for late filing. Unless plaintiff can show some other factor that may constitute reasonable cause, summary judgment must be entered in favor of defendant.

Plaintiff contends that she had no actual knowledge of the date that the tax return in question was due, and that such absence of actual knowledge constitutes reasonable

cause.[1] There is evidence in the file that indicates that plaintiff may have had actual knowledge of the due date. For the purpose of the motions before the court, it will be assumed that plaintiff had no knowledge of the requirement for the filing of a return or of the due date for the filing.

In support of her contention that absence of actual knowledge constitutes reasonable cause, plaintiff cites *Gray v. United States*, 453 F.Supp. 1356 (W.D.Mo.1978). The plaintiff in *Gray* was appointed executrix of the deceased's estate. She employed an experienced probate and estate administration attorney, who informed plaintiff that an estate tax return had to be filed. He did not tell plaintiff when the return would be due, however. Plaintiff supplied the attorney with all the information he requested. She relied on him completely, and did not consult or contact anyone else, including the IRS, regarding the estate. At no time was plaintiff aware of the due date for the estate tax return. The return was filed six months after the due date, and penalties were assessed for the late filing.

The court discussed cases holding that the taxpayer's duty to file a tax return is personal and nondelegable, and concluded that this duty exists only when the taxpayer has actual knowledge of the date the return is due. 453 F.Supp. at 1360. In light of the taxpayer's absence of actual knowledge, the court held that her reliance on her attorney to timely file the tax return for the estate constituted ordinary business care and prudence. *Id.* at 1361. The court refused to hold that the taxpayer had a duty "to research the Internal Revenue Code to ascertain the due date of the estate's return when she had no knowledge that anything was amiss." *Id.*

This court declines to follow the reasoning and result of the *Gray* case. It is true that in many of the cases where the taxpayer's reliance on an attorney was held not to constitute reasonable cause, the taxpayer may have had actual knowledge of the due date for filing a tax return. *See, e. g., United States v. Kroll*, 547 F.2d 393 (7th Cir. 1977) (taxpayer informed by IRS that return past due); *Richter v. United States*, 440 F.Supp. 921 (D.Minn.1977) (taxpayer signed IRS form informing him of time within which return must be filed). *See also Sanderling, Inc. v. Commissioner*, 571 F.2d 174, 177 (3d Cir. 1978). But the courts in those cases did not rule that absence of actual knowledge constitutes reasonable cause. The question of whether there is a duty on the part of the taxpayer to ascertain the filing date for an estate tax return was not before those courts, and hence was not addressed by them.

This court holds that the executrix of an estate has a duty to ascertain her obligations in regard to the filing of estate tax returns and to oversee the activities of her attorney. *Pfeiffer v. United States*, 315 F.Supp. 392, 396 (E.D.Cal.1970), *citing Estate of Duttenhofer v. Commissioner*, 49 T.C. 200 (1967), *aff'd per curiam*, 410 F.2d 302 (6th Cir. 1969). The absence of actual knowledge of the due date of the return or even of the fact that a return is required to be filed does not therefore constitute reasonable cause. In the exercise of ordinary business care and prudence, an executrix *is required* to know that there is a deadline for the filing of estate tax returns. *See United States v. Kroll*, 547 F.2d 393, 396 (7th Cir. 1977). Plaintiff may have been unacquainted with business affairs, but in assuming the position of executrix, she also assumed the legal obligations concomitant thereto. *Pfeiffer v. United States*, 315 F.Supp. 392, 396 (E.D.Cal.1970). The duties plaintiff assumed included the duties of vigilance and promptness, *Ferrando v. United States*, 245 F.2d 582, 586 (9th Cir. 1957), and these duties may not be delegated.

No undue hardship is imposed upon the personal representative of the estate in requiring the ascertainment of the filing date,

---

1. Plaintiff's contention appears to be that she had no actual knowledge that a return had to be filed or of the concept of estate taxation. This argument and the argument that plaintiff had no actual knowledge of the due date for filing are really identical, for if she did not know that a return had to be filed, she obviously had no knowledge of the deadline for filing.

for "any layman with the barest modicum of business expertise knows that there is a deadline set for the filing of returns. . . *United States v. Kroll*, 547 F.2d 393, 396 (7th Cir. 1977). The concern expressed by the court in *Gray v. United States*, 453 F.Supp. 1356 (W.D.Mo.1978), that the imposition of such a duty would require a taxpayer to delve into the confusing and sometimes conflicting provisions of the Internal Revenue Code, *Id.* at 1361, is misplaced. 26 U.S.C. § 6651(a) imposes penalties only for late filing or late payment. 26 U.S.C. § 6075 is unequivocal; estate tax returns must be filed within nine months of the decedent's death. The ascertainment of the required filing date is not beyond the expertise of a lay person. A taxpayer may ascertain the filing date through a simple inquiry to an attorney or the IRS. This is clearly not an unreasonable burden to place on a taxpayer. *See United States v. Kroll*, 547 F.2d 393, 395 (7th Cir. 1977).

The most compelling reason for rejecting the argument that absence of actual knowledge constitutes reasonable cause is that such a principle would undermine the effectiveness of our tax laws because it would encourage a taxpayer to remain uninformed. The imposition of penalties under 26 U.S.C. § 6651 is an attempt to protect the revenue. *Plunkett v. Commissioner*, 118 F.2d 644, 650 (1st Cir. 1941). The Internal Revenue Code has placed the responsibility for filing returns upon every taxpayer. "If every taxpayer who forgot to file a return or was too busy to file a return escaped the penalty for failure to file, our tax system would soon collapse." *Logan Lumber Co. v. Commissioner*, 365 F.2d 846, 854 (5th Cir. 1966). To excuse a late filing or late payment because of lack of knowledge, readily obtainable, of filing requirements would not be an excuse based on reasonable cause.

The court holds that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

IT IS ORDERED that plaintiff's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that judgment be entered dismissing plaintiff's complaint and cause of action.