**TWIN CITY CONSTRUCTION COMPANY OF FARGO, North Dakota, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. A3–80–35.**

United States District Court, D. North Dakota, Southeastern Division.

June 15, 1981.

J. Gerald Nilles, Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, N. D., for plaintiff.

David A. Slacter, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., James R. Britton, U. S. Atty., Fargo, N. D., for defendant.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

Plaintiff, a corporation, brought this civil action under 28 U.S.C. § 1346(a)(1) to recover penalties assessed against and collected from plaintiff for late filing of its 1977 corporate income tax return and late payment of the tax. Presently before the court are the parties' cross motions for summary judgment. Plaintiff requested a hearing on the motions.

■ The only issue before the court is a legal issue. The parties have concurred in a statement of uncontroverted facts, except for one irrelevant fact presented by the defendant which the court will disregard. A party is entitled to summary judgment if there is no genuine issue as to any material fact and if on the record he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no requirement that a grant of summary judgment be preceded by a hearing. *Anderson v. Viking Pump Div., Houdaille Industries*, 545 F.2d 1127, 1129 (8th Cir. 1976). The request for a hearing is denied as the legal issue in the case has been well briefed by both parties.

Pursuant to 26 U.S.C. § 5061, a corporate taxpayer is entitled to an automatic three month extension if it pays on or before the due date, one-half of its estimated tax liability. Plaintiff's tax return was due to be filed on June 15, 1977, and the plaintiff was aware of the due date. Plaintiff regularly employed an accounting firm to prepare its tax returns and the same firm was employed to prepare its return for its taxable year ending March 31, 1977. The due date for filing the return was June 15, 1977. The accounting firm was in the process of performing an audit for plaintiff and as the due date for the filing of the income tax return approached, it became apparent to both plaintiff and its accountants that the return would not be ready for filing by the due date and that an application for an extension would be required. Similar extension applications signed by plaintiff's accountants had been filed in other years. Plaintiff relied on its accounting firm to again prepare and mail the application. The accounting firm was unable to estimate the amount of tax due, and instead of filing the application with the Internal Revenue Service (IRS), it placed it in one of the audit files. The authority to prepare a deposit check to cover the estimated tax liability was vested in plaintiff's treasurer. The accounting firm did not request plaintiff to prepare a check to cover the estimated tax liability prior to June 15, 1977, and the firm had no authority to prepare a check with which to make a deposit. Plaintiff never inquired of the accounting firm as to whether the extension request had been filed.

In July of 1977, the accounting firm discovered that it had not filed the application for extension and on July 21, 1977 the application was completed and filed with the IRS, along with a check covering the estimated tax.

Plaintiff's tax return was filed on September 14, 1977 and all remaining taxes were paid on October 13, 1977. Pursuant to 26 U.S.C. § 6651(a), the IRS assessed a penalty of $28,509.00 against plaintiff for failing to timely file its tax return and pay the tax due.

■ When a return is untimely filed or the required tax is untimely paid, the assessment of a penalty is mandatory unless the taxpayer can demonstrate both the absence of willful neglect and the presence of reasonable cause. 26 U.S.C. § 6651(a); *Rubber Research, Inc. v. C.I.R.*, 422 F.2d 1402, 1407 (8th Cir. 1970). The burden of showing reasonable cause and absence of willful neglect is on the taxpayer. *Id.* For purposes of the present motions, the court will assume an absence of willful neglect. Therefore, the sole issue is whether reasonable cause existed. "Reasonable cause" is defined as the existence of "ordinary business care and prudence." 26 C.F.R. § 301.-6651–1(c). Although the existence of reasonable cause is a question of fact to be decided on the peculiar circumstances of each case, *Coates v. Commissioner*, 234 F.2d 459, 462 (8th Cir. 1956), the elements that must be present to constitute reasonable

cause are questions of law. *Haywood Lumber & Mining Co. v. Commissioner*, 178 F.2d 769, 772 (2nd Cir. 1950).

In *Daley v. United States*, 480 F.Supp. 808 (D.N.D.1979), this court addressed a similar issue in a case relating to a penalty for late filing of an estate tax return. There it was held, after assuming that the executrix of the estate had no knowledge of the requirement for the filing of an estate tax return or of the due date for the filing, that the executrix as a matter of law did not exercise ordinary business care and prudence in relying on her attorney to timely file the returns. This court distinguished those cases where a taxpayer relies on his attorney's advice that he need not file a return, from those cases where there is no question that a return must be filed and the taxpayer relies on his attorney or accountant to file the return. In reaching the result in *Daley*, this court followed the line of authority which has held that in the latter situation, reliance on an attorney or an accountant does not constitute reasonable cause for late filing. *See United States v. Kroll*, 547 F.2d 393, 397 (7th Cir. 1977); *Estate of Geraci v. Commissioner*, 502 F.2d 1148 (6th Cir. 1974), *cert. denied*, 420 U.S. 992, 95 S.Ct. 1428, 43 L.Ed.2d 673 (1975); *Estate of Lammerts v. Commissioner*, 456 F.2d 681, 683 (2nd Cir. 1972); *Estate of Duttenhofer v. Commissioner*, 410 F.2d 302 (6th Cir. 1969); *Logan Lumber Co. v. Commissioner*, 365 F.2d 846, 853 (5th Cir. 1966); *Ferrando v. United States*, 245 F.2d 582, 586 (9th Cir. 1957); *Richter v. United States*, 440 F.Supp. 921, 924 (D.Minn.1977); *Ruel v. United States*, 430 F.Supp. 1122 (E.D.Wis.1977); *Pfeiffer v. United States*, 315 F.Supp. 392, 396 (E.D.Cal.1970). *See generally*, 10 Mertens, Law of Federal Income Taxation § 55.23 (1976). This result is reached by looking solely at the taxpayer's conduct, and not by imputing any negligence on the part of the attorney or accountant to the taxpayer. *Haywood Lumber & Mining Co. v. Commissioner, supra* at 771.

Those cases which might first appear to lend support to plaintiff's position are clearly distinguishable from the case at bar. In *Rohrabaugh v. United States*, 611 F.2d 211 (7th Cir. 1979), a case decided after this court's decision in *Daley v. United States, supra*, the court was faced with a situation somewhat similar to the one in *Daley*. A personal representative had no prior experience with federal estate tax matters and relied completely on her attorney to file the necessary returns. The court held, with one judge dissenting, that when the personal representative had no knowledge as to when the return was due, she exercised reasonable care in relying on her attorney to timely file the return. However, *Rohrbaugh* does not militate in favor of plaintiff here. The court distinguished that case from one in which a corporate taxpayer asserts a similar defense in connection with late filing of an income tax return. As the court noted, there is a difference between an income tax and a federal estate tax return insofar as presumed knowledge is concerned. 611 F.2d at 218 n.2.

In deciding *Daley v. United States, supra*, this court declined to follow the rationale in *Gray v. United States*, 453 F.Supp. 1356 (W.D.Mo.1978) which held that where an administratrix has no knowledge of the due date for filing an estate tax return, she is deemed to have exercised reasonable care in relying on her attorney to timely file the return. The *Gray* decision, even if it were to be followed by this court, does not support plaintiff's position. As the court stated,

> [t]he crucial fact in *Kroll, Logan Lumber* and *Ferrando* was that the taxpayer had actual knowledge of the due date of the tax return. With that knowledge, it was not reasonable to completely rely on a third party to file the return on time. In that situation, the failure to timely file amounted to willful neglect within the meaning of the statute.

*Id.* at 1360–61. That same crucial fact is present here. Plaintiff is a corporate taxpayer admittedly well acquainted with its legal obligation to file federal income tax returns. It has acknowledged that it knew the due date by which the return had to be filed. It relied on the accounting firm to file the return.

Plaintiff argues that the cases dealing with late filing of returns are distinguishable from the instant case where an application for an extension of time is untimely filed. It relies in part on this court's language in *Daley v. United States, supra,* that the result in that case was required because the duty to file the tax return when due is personal and may not be delegated. 480 F.Supp. at 811. Plaintiff contends that as opposed to a tax return which must be personally signed by the taxpayer, an application for an extension of time to file can be signed by a certified public accountant. 26 C.F.R. § 1.6081–3(a)(1). Plaintiff's argument is misplaced. First, the IRS imposed the penalty, not for the untimely filing of the application for extension, but rather for the late filing of the return and delinquent payment of the tax. The latter duty is clearly nondelegable where the taxpayer knows of his filing obligation and of the due date. Furthermore, an application for extension is not complete until the taxpayer submits payment for one-half of its estimated tax liability. Finally, if it does not constitute reasonable cause for a taxpayer to rely on his accountant to timely file his income tax return when the taxpayer knows he is legally required to file a return and knows when it must be filed, it would be anomalous to say that it constitutes reasonable cause for the same taxpayer to rely on his accountant to file an application for an extension. *See Fleming v. United States,* 483 F.Supp. 284 (E.D.Wis.1980) (no reasonable cause existed when plaintiff, relying upon his attorney to file for an extension, failed to file an estate tax return on time). Such a result is reasonable when one considers that the burden on the revenue is the same and that the imposition of penalties under 26 U.S.C. § 6651 is an attempt to protect the revenue. *Plunkett v. Commissioner,* 118 F.2d 644, 650

(1st Cir. 1941); *Daley v. United States, supra,* at 813.

The court holds that a taxpayer who admittedly knows he must file a return and knows the due date by which the return must be filed, does not act with ordinary business care and prudence when, relying on his accountant to file an application for an extension, fails to timely file his tax return. The defendant is entitled to judgment as a matter of law.[1]

IT IS ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted and judgment be entered dismissing plaintiff's complaint and cause of action.

---

1. Plaintiff in its brief raises the issue of improper computation of the penalty. This issue was not raised in the pleadings. Nor was it raised in its claim for refund filed with the IRS. A claim for refund correctly filed with the IRS is a statutory prerequisite for federal court jurisdiction over tax refund suits. 26 U.S.C. § 7422(a). A taxpayer may not advance one ground in his claim filed with the IRS and rely upon an entirely different ground in a subsequent suit for refund. *Godwin v. Brown,* 249 F.2d 356, 363 (8th Cir. 1957). *See Saylersville National Bank v. United States,* 613 F.2d 650, 651 (Ct.Cl.1980). The court will not address the issue of improper computation of the penalty, which is not properly before it.