Louis **SARTO** and Julius Sarto, Executors of the Estate of Giulio Sarto, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

**No. C–83–0167 SC.**

United States District Court, N.D. California.

April 22, 1983.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

CONTI, District Judge.

The executors of the Estate of Giulio Sarto bring this action under 28 U.S.C. § 1346(a) for recovery of Internal Revenue penalties and interest in the amount of $71,601.57, which were assessed against the estate for late filing of its tax return. Plaintiffs allege that they reasonably relied on their attorney and accountants to obtain extensions of time to file the estate's tax return and that such reliance excuses any late filing. This matter is before the court on defendant's motion to dismiss for failure to state a claim on which relief may be granted. For the reasons set forth below, the motion will be granted.

The standard to be applied in ruling on a motion to dismiss is well established. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.1978), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979), *quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Furthermore, all allegations in the complaint must be construed in favor of the plaintiff. *De La Cruz v. Tormey,* 582 F.2d at 48.

Under 26 U.S.C. § 6651(a), when an estate tax return is filed late, the estate must pay certain statutorily prescribed penalties unless it can show that its failure to file a timely return "is due to reasonable cause and not due to willful neglect." *Rubber Research, Inc. v. Commissioner,* 422 F.2d 1402, 1407 (8th Cir.1970). The burden of showing the existence of reasonable cause and the absence of willful neglect is on the estate. *Id.; Ferrando v. United States,* 245 F.2d 582, 587 (9th Cir.1957). "Reasonable cause" is defined as the exercise of "ordinary business care and prudence." 27 C.F.R. § 301.6651–1(c); *Daley v. United States,* 480 F.Supp. 808, 811 (D. N.D.1979). As a general rule, however, the

Harold M. Everton, Thomas E. Thiel, San Jose, Cal., Glynn P. Falcon, Mountain View, Cal., for plaintiffs.

Joseph Russoniello, U.S. Atty., Michael J. Yamaguchi, Asst. U.S. Atty., N.D. Cal., San Francisco, Cal., for defendant.

filing of a tax return when due is a personal, nondelegable duty, thus the failure of an employee or attorney or accountant to file the return on time will not constitute reasonable cause. *Ferrando v. U.S.*, 245 F.2d at 589.

Plaintiffs argue that this general rule should not be applied in this case because they were affirmatively misled by their attorney into believing that an indefinite extension of time to file had been granted the estate by the IRS. In support of their position, plaintiffs correctly point out that in many of the cases in which reliance on an attorney was found to be unreasonable under the general rule, there were also specific findings that the taxpayer had actual notice of the exact date on which the return was due. *See, e.g., Ferrando v. U.S.*, 245 F.2d at 587. Indeed, some courts have focused on these latter findings and reasoned that because "any layman" knows that he must sign the return before it may be filed, when a taxpayer has actual notice of the due date for the return his attorney's failure to present the return to him for signature before the required date puts him on notice that reliance on his attorney is no longer justified. *See, e.g., Fleming v. U.S.*, 648 F.2d 1122, 1125–26 (7th Cir.1981); *U.S. v. Kroll*, 547 F.2d 393, 396 (7th Cir.1977). This does not mean, however, that absence of actual notice to the taxpayer of the due date on a particular return will immunize that taxpayer from liability for penalties and interest for late filing. A taxpayer has an affirmative duty to ask his attorney or the IRS when his return is due, and his failure to do so means that late filing is not due to reasonable cause. *Daley v. U.S.*, 480 F.Supp. at 811–12. Nevertheless, plaintiffs arguably fall between these two extremes because they asked the estate's attorney when the estate's tax return was due, thus satisfying their duty to inquire, and were then affirmatively misled by their attorney into believing that an indefinite extension had been granted the estate, thus leaving plaintiffs without actual notice of when the return was due. Although the precise situation before the court is therefore a novel one,

the court finds that the circumstances of this case still do not justify departure from the general rule that reliance on an attorney is not "reasonable cause" for late filing.

When a tax return has been filed late because of attorney neglect, the taxpayer may, of course, recover the amount of any penalty imposed upon him from his attorney in a subsequent malpractice action. Even though a taxpayer may have breached his duty to inquire or have had actual notice of the date on which his return was due and therefore have incurred a penalty, his attorney's neglect may still be the primary cause of the late filing. If a taxpayer who had been affirmatively misled by his attorney regarding the date on which his return was due could escape liability for a penalty while a taxpayer who was passively negligent could not, the ultimate result would be that attorneys who had engaged in active deceit would escape liability while attorneys who were merely guilty of neglect would not. Given the purpose of 26 U.S.C. § 6651, which is to protect the revenue, *Plunkett v. Commissioner*, 118 F.2d 644, 650 (1st Cir. 1941); *Daley v. U.S.*, 480 F.Supp. at 813, the statute should not be enforced so as to encourage attorneys who are merely guilty of neglect to compound their error and further delay the filing of a required return by engaging in active deceit of their clients. *Fleming v. U.S.*, 648 F.2d at 1127 (Swygert, J., concurring). Thus, the court concludes that the late filing of the estate's return was not due to reasonable cause. Plaintiff's complaint must therefore be dismissed.

In accordance with the foregoing, it is hereby ordered that defendant's motion to dismiss be granted.