**UNITED STATES of America**

**v.**

**Inez V. BALLENTINE.**

**Civ. A. No. J–80–2355.**

United States District Court,
D. Maryland.

July 16, 1981.

Elizabeth H. Trimble, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Brian G. West, Towson, Md., for defendant.

## MEMORANDUM AND ORDER

SHIRLEY B. JONES, District Judge.

The United States has brought the instant action to collect certain overdue taxes owed by defendant for the years 1969, 1970, 1971 and 1973. It is alleged that outstanding income tax deficiencies were assessed against defendant, including interest and penalties under 26 U.S.C. § 6651(a)(1) and (2) on September 24, 1974. It is also alleged that defendant has not paid the assessed deficiencies. The specific amounts assessed are alleged to be as follows:

| Taxable Year | Tax Deficiency Assessed | § 6651(a)(1) Penalty Assessed | § 6651(a)(2) Penalty Assessed | Interest Assessed | Unpaid Balance |
|---|---|---|---|---|---|
| 1969 | $18,286.00 | $ 4,114.35 | $ 4,937.22 | $2,651.64 | |
| | | | | | $ 5,346.87 |
| 1970 | 23,736.00 | 5,340.60 | 4,984.56 | 4,869.78 | |
| | | | | | 38,930.94 |
| 1971 | 46,977.00 | 10,569.83 | 7,046.55 | 6,819.38 | |
| | | | | | 71,412.76 |
| 1973 | 77,598.00 | 17,459.55 | 2,715.93 | 1,952.70 | |
| | | | | | 99,726.18 |
| | | | | TOTAL | $215,416.75 |

Plaintiff has moved for summary judgment as to these amounts.

The record shows that on August 2, 1974 defendant filed a tax return for the year 1973 and on September 24, 1974, she filed tax returns for the years 1969, 1970 and 1971. These returns all showed that she owed income tax in the amounts shown on the above schedule. Defendant made the following remittances toward taxes owed in 1969:

| | |
|---|---|
| October 16, 1974 | $ 8,834.67 |
| April 15, 1975 | 5,000.00 |
| July 16, 1976 | 10,000.67 |

No remittances were made in reference to the deficiencies for other years.

Defendant admits as to the amounts due in 1969, 1970 and 1971 and that interest on

those amounts is properly due. Defendant resists summary judgment as to the deficiency for 1973 as that amount is presently being contested in the Tax Court. Defendant also argues that penalties were not properly assessed.

▆ The first question the Court must consider is whether the pendency of litigation in the Tax Court of the amount of taxes due for the year 1973 should stay proceedings in this Court as to that year. Where a taxpayer has elected to have his tax liability determined by the Tax Court, he should be permitted to pursue that course to conclusion. Although the Court may not necessarily be precluded from ruling on the taxpayer's liability in a case where the government has filed suit to collect unpaid taxes, the Court believes the best course is not to do so. *United States v. O'Connor*, 291 F.2d 520 (2d Cir. 1961); *Bailey v. United States*, 415 F.Supp. 1305 (D.N. J.1976). Accordingly, summary judgment will be denied as to those amounts due for 1973.

The other issue is whether there are sufficient disputed facts to resist summary judgment as to the penalties assessed for the years 1969 through 1971. Under 26 U.S.C. § 6651(a)(1) there is a penalty for failure to file a return and under 26 U.S.C. § 6651(a)(2) there is a penalty imposed for failure to pay any tax. Both of these sections provide an exception to the imposition of a penalty where "it is shown that such failure is due to reasonable cause and not due to willful neglect. . . ."

In answers to interrogatories, defendant advanced the following reasons why penalties should not be imposed:

(a) Defendant is a person of limited formal education.

(b) Despite her limited formal education, Defendant had the sole direct responsibility, and significant burden, for all of the financial, clerical, accounting and office administration of B & I Construction Co., Inc. and B & I Leasing Corporation, at all times during the existence of these two corporations. Additionally, Defendant had the direct responsibility for the business and personal affairs of Robert A. Ballantine, Defendant's husband, from January 1, 1969 through July 1, 1973.

(c) Defendant, during the periods here involved, was the mother of five (5) children.

(d) The pressure and strain placed on Defendant by her duties and responsibilities as housewife, mother and financial and administrative manager of the business and personal financial affairs of the family so weakened her physical and mental condition as to render her incapable of normal performance during the periods here involved.

(e) During the periods here involved, Defendant B & I Construction Co., Inc., and B & I Leasing Corporation regularly employed an accountant, Donald E. Webster & Company, C.P.A., whose responsibility it was to prepare and deliver to Defendant all tax returns required under the Internal Revenue Code.

(f) Defendant's accountant has claimed that a Form 1040 (U.S. Individual Income Tax Return) for each of the taxable years at issue in this case was prepared by its office and delivered to Defendant. However, Defendant's accountant has been totally unable to substantiate its claim by either producing a completed income tax return or by producing a copy of a letter of transmittal to Defendant. Defendant steadfastly maintains that she has never received a copy of such a Form 1040 (for any of the taxable years at issue) from her accountant.

(g) Due to Defendant's weakened physical and mental condition, and by reason of confusion, delusion, inadvertance, and forgetfulness, Defendant failed to realize that her accountant had not prepared returns for the taxable years at issue and, therefore, did not file any returns for such taxable years until the nonfiling was discovered by Defendant in 1974.

▆ As to the penalties assessed under 26 U.S.C. § 6651(a)(1), the Court finds that the reasons advanced by defendant simply

do not raise an issue of reasonable cause for failure to file returns for the years in question. What these reasons boil down to is that defendant was very busy during this time running a business and looking after children and that her accountant may have forgotten to prepare returns for these years. Being busy and forgetful simply do not excuse the filing of a tax return. *United States v. Kroll*, 547 F.2d 393 (7th Cir. 1977). Neither does an accountant's neglect in preparing a return excuse non-filing. *Sanderling, Inc. v. C. I. R.*, 571 F.2d 174 (3d Cir. 1978).

As to the penalties imposed pursuant to § 6651(a)(2) the Court finds that reasonable cause has not been shown. "Reasonable cause for the failure to pay a tax exists to the extent that taxpayer can satisfactorily show that he exercised ordinary business care and prudence in providing for the payment of his liability, but was, nevertheless, either unable to pay the tax or would have suffered 'undue hardship' if he paid on the due date." *Norton v. United States*, 551 F.2d 821, 827 (Ct.Cl.1977). Defendant has made no showing of the exercise of ordinary business care and prudence in seeing that her tax liabilities were satisfied. Indeed, her actions indicate the opposite. Therefore, summary judgment will be granted on all the penalties assessed under § 6651(a)(2) for 1969, 1970 and 1971.

Defendant correctly points out, however, that the penalty under § 6651(a)(2) is limited to 25% of the tax owed. The government's assessment for 1969 was $4,937.22 when 25% of the tax due ($18,286.00) only comes to $4,571.50. Therefore, summary judgment for the penalty for 1969 will be restricted to that amount.

The Court will grant summary judgment in an amount which represents taxes, penalties and interest for the years 1969, 1970 and 1971 with the previously stated reduction in the penalty for the year 1969. The government shall present an Order computing the appropriate amount for these years and entering summary judgment in that amount.