SHARON F. KAECHELE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; DAVID P. AND KATHRYN G. KAECHELE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kaechele v. Commissioner
Docket Nos. 17880-90, 18090-90
United States Tax Court
T.C. Memo 1992-457; 1992 Tax Ct. Memo LEXIS 480; 64 T.C.M. (CCH) 459; August 13, 1992, Filed *480 Decisions will be entered under Rule 155. For Sharon E. Kaechele, pro se in docket No. 17880-90. For David P. Kaechele, pro se in docket No. 18090-90. For Respondent: Jeffrey L. Bassin. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies against petitioner Sharon E. Kaechele in the amounts of $ 1,477, $ 4,053, and $ 5,249 for taxable years 1985, 1986, and 1987, respectively. Respondent determined a deficiency of $ 6,252.85 against David P. Kaechele for taxable year 1985. Deficiencies were also determined against petitioners David P. Kaechele and Kathyrn G. Kaechele for taxable years 1986 and 1987 in the amounts of $ 12,062.85 and $ 1,463.01, respectively. The instant cases, docket No. 17880-90 and docket No. 18090-90, have been consolidated for trial, briefing, and opinion. The parties involved herein have conceded all but one issue. A Rule 155 computation will be necessary in each case. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code in effect for the years in issue. The sole issue for consideration is which *481 petitioner, Sharon E. Kaechele or David P. Kaechele, who were divorced during the years at issue, is entitled to claim dependency exemptions for taxable years 1986 and 1987 for the two daughters born of their marriage. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein. Petitioner Sharon E. Kaechele resided in Pickerington, Ohio, at the time she filed her petition. Petitioners David P. and Kathryn G. Kaechele resided in Powell, Ohio, at the time they filed their petition. Sharon E. (hereinafter Sharon) and David P. (hereinafter David) Kaechele were married in January 1964 and divorced in January 1985. During their marriage, Sharon and David had two daughters, Arlene and Jennifer Kaechele. Sharon timely filed her Federal income tax returns for taxable years 1986 and 1987. David and his second wife, Kathryn G. Kaechele, timely filed joint Federal income tax returns for taxable years 1986 and 1987. Subsequent to their divorce in 1985, both Sharon and David claimed dependency exemptions on their 1986 and 1987 tax returns for the two daughters born of their marriage. During the years *482 at issue, Arlene Kaechele attended Miami University in Oxford, Ohio, and Jennifer Kaechele attended Ohio State University in Columbus, Ohio. As full-time students, both Arlene and Jennifer resided on campus at their respective universities for a majority of each taxable year in issue. Both Arlene and Jennifer resided less than 6 months of each taxable year at the residence of either Sharon or David Kaechele. In both 1986 and 1987, David provided over one-half of the total support for each daughter. Arlene and Jennifer resided at Sharon's residence during summer vacations from college, and during Thanksgiving and Christmas holidays. Neither Sharon nor David had legal custody of their daughters. Because both daughters had reached the age of majority in the State of Ohio prior to 1986, the Court of Common Pleas in Franklin County, Ohio, entered a judgment stating that Sharon and David had no legal obligation for the daughters' maintenance or college education. The judgment also provided that the court lacked jurisdiction to issue an order for the support or education of either Arlene or Jennifer Kaechele "as the children of the parties are both emancipated". OPINION Section *483 151(a) allows individual taxpayers to claim exemptions authorized by such section as deductions in computing taxable income. For taxable year 1986, section 151(f) set forth an exemption amount of $ 1,080 for each exemption. For taxable year 1987, section 151(d) set forth an exemption amount of $ 1,900 for each exemption. Section 151(e)(1) for 1986 and section 151(c)(1) for 1987 authorized an exemption for each dependent whose gross income was less than the exemption amount, or who was a child of the taxpayer under the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or who was a student. Under section 151(e)(4) for 1986 and section 151(c)(4) for 1987, the term "student" is defined as an individual who during each of 5 calendar months was a full-time student at an educational organization described in section 170(b)(1)(A)(ii). In the instant cases, the parties have stipulated that both Arlene and Jennifer Kaechele were full-time students qualifying for the dependency exemption under section 151. Section 152 defines the term "dependent". Section 152(a) sets forth specified individuals, including a daughter, who qualify as a dependent *484 if such individual receives over one-half of his or her support from the taxpayer during the calendar year in which the taxable year of the taxpayer begins. The parties have stipulated that David provided more than one-half of the support for each daughter during both 1986 and 1987. Section 152(e)(1) sets forth an exception to the general rule of section 152(a) in the case of a child of divorced parents. Section 152(e)(1) states, in relevant part, that if a child receives more than one-half of her support from her parents, who are divorced, and such child is in the custody of one or both parents for more than one-half of the calendar year, such child will be treated as receiving over one-half of her support from the parent having custody for a greater portion of the calendar year. The record clearly indicates that Arlene and Jennifer Kaechele resided with their mother, Sharon E. Kaechele, for a greater portion of the year than they resided with their father. Respondent contends that neither parent had "custody" of the daughters within the meaning of section 152(e)(1)(B) since the daughters had reached the age of majority and were considered emancipated under the law of the State *485 of Ohio. Therefore, respondent argues that the conditions which engage section 152(e)(1) are not present and the exception under 152(e)(1) is inapplicable. We agree that section 152(e)(1) is inapplicable. Neither Arlene nor Jennifer was in the custody of one or both of their parents for more than one-half of the calendar years 1986 or 1987 as required by section 152(e)(1)(B), since both were emancipated under Ohio law. See H. Rept. 102, 90th Cong., 1st Sess. (1967), 1967-2 C.B. 590, 593; sec. 1.152-4(b), Income Tax Regs. Therefore, section 152(e)(1) is inapplicable and the general rule of section 152(a) is controlling. Under section 152(a), the parent who provided more than one-half of the support for each daughter is entitled to the dependency exemption. The parties have stipulated that David provided over half of each daughter's support during both 1986 and 1987. Thus, David P. and Kathryn G. Kaechele are entitled to the dependency exemptions at issue for taxable years 1986 and 1987. Decisions will be entered under Rule 155.