LE BARON OTIS FERGUSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ferguson v. Commissioner
Docket No. 22003-91
United States Tax Court
T.C. Memo 1994-114; 1994 Tax Ct. Memo LEXIS 115; 67 T.C.M. (CCH) 2434; March 21, 1994, Filed *115 Decision will be entered under Rule 155. Le Baron Otis Ferguson, pro se. For respondent: Mark E. Menacker. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6651(a) Sec. 6653(a) Sec. 6653(a)(1) 1985
$ 24,845
$ 6,167
[1] $ 1,448
1986
42,446
10,611
[1] $ 2,447
1987
32,032
7,869
[1] 1,745
All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues remaining for decision are: (1) Whether petitioner is entitled to claim any or all of his three children as dependents for 1985, 1986, and 1987; (2) whether petitioner is entitled to claim head of household filing status for 1986 and 1987; and (3) whether petitioner is liable for additions to tax for delinquent filing and negligence pursuant to sections 6651(a)(1), 6653(a), and 6653(a)(1). FINDINGS OF FACT Some of the facts have been stipulated *116 and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Riverside, California, at the time he filed his petition in this case. Petitioner untimely filed his 1985, 1986, and 1987 Federal income tax returns on June 14, 1990. Petitioner claimed head of household filing status for each of the 3 years in issue. Petitioner and Gail Ferguson (Ms. Ferguson), formerly husband and wife, had three children during their marriage: Jeffrey, born January 28, 1962, Natalya, born August 19, 1964, and David, born March 27, 1968. Petitioner and Ms. Ferguson were divorced in December 1980. Pursuant to the divorce decree, Ms. Ferguson was granted custody of Natalya and David. The divorce decree was silent as to Jeffrey, apparently because he had reached the age of majority at the time of the divorce. Petitioner claimed Jeffrey as a dependent for 1985, Natalya as a dependent for 1985 and 1986, and David as a dependent for 1985, 1986, and 1987. Jeffrey was a full-time college student from January 1985 until his graduation in June 1985. Jeffrey held several jobs while he was a student in 1985, and paid for many *117 of his expenses out of such earnings. From January 1985, through mid-June 1985, Jeffrey resided at his college. From mid-June 1985, through August 1985, he resided with Ms. Ferguson. From September 1985, through December 1985, he resided with petitioner. Natalya resided with Ms. Ferguson during 1985 and 1986. Natalya took out loans for her education during 1985 and 1986. David resided with Ms. Ferguson during 1985 and 1986. During 1987, petitioner and Ms. Ferguson attempted to split the cost of David's college expenses. In the notice of deficiency, respondent determined that petitioner was not entitled to any of the claimed dependency exemptions for his children, and that petitioner was not entitled to the filing status of head of household for 1985, 1986, and 1987. On brief, respondent concedes that petitioner is entitled to head of household filing status for 1985. [1]
*118 OPINION Preliminarily, we note that, as a general rule, the Commissioner's deficiency determination is presumptively correct, and the taxpayer bears the burden of coming forward with sufficient evidence to overcome the presumption. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Rockwell v. Commissioner, 512 F.2d 882, 885 (9th Cir. 1975), affg. T.C. Memo. 1972-133. Issue 1. Petitioner is Not Entitled to Claim His Children as Dependents For 1985, 1986, or 1987 Section 151(e)(1) for 1985 and 1986, and section 151(c)(1) for 1987, allow taxpayers an annual exemption amount for each "dependent" as defined in section 152. According to section 152(a), the term "dependent" means certain individuals, such as a son or daughter, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)". The support test in section 152(e)(1) applies if: (1) A child receives over half of his support during the calendar year from his parents; (2) the parents *119 are divorced under a decree of divorce; and (3) such child is in the custody of one or both of his parents for more than one-half of the calendar year. As a general rule, if these requirements are satisfied, "such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (* * * referred to as the 'custodial parent' * * *)", thus allowing the dependency exemption to be claimed only by the "custodial parent". Sec. 152(e)(1). Section 1.152-4(b), Income Tax Regs., provides that custody "will be determined by the terms of the most recent decree of divorce" if there is one in effect. If a child has reached the age of majority and is considered emancipated under the laws of the State of California, neither parent will be considered to have "custody" of that child within the meaning of section 152(e)(1)(B). See Kaechele v. Commissioner, T.C. Memo. 1992-457. Once a child is considered emancipated under State law, section 152(e)(1) is inapplicable and the general rule of section 152(a) is controlling. Under section 152(a), *120 if a parent provides more than one-half of the support for a child, he is entitled to the dependency exemption for that child. Since petitioner's divorce decree grants custody of David and Natalya to petitioner's ex-wife, Ms. Ferguson, she is considered David and Natalya's "custodial parent" under section 152(e) until each of them reached the age of majority. Jeffrey is not referred to in the divorce decree; no evidence was presented to establish that petitioner had "custody" of him, nor that petitioner provided over one-half of Jeffrey's support. Petitioner, insofar as he was the "noncustodial parent", is allowed to claim a child as a dependent if one of three statutory exceptions to section 152(e) is met. Under these exceptions, the "noncustodial parent" is treated as providing over half of a child's support if: (1) The custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year (section 152(e)(2)); (2) a multiple support agreement pursuant to section 152(c) determines support (section 152(e)(3)); or (3) *121 a qualified pre-1985 instrument provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, and the noncustodial parent provides at least $ 600 for the support of such child during the calendar year (section 152(e)(4)). The exceptions in section 152(e) are inapplicable in this case. Petitioner presented no evidence of an agreement between himself and his ex-wife whereby he would be entitled to claim any child as a dependent. Further, no evidence of a multiple support agreement was introduced, and petitioner's 1980 divorce decree did not provide that the noncustodial parent was entitled to any dependency exemptions. Further, petitioner has not carried his burden of proof in showing either the total support for any child for any year or that he provided over one-half the support for any child for any year, as required under section 152(a). Therefore, because petitioner failed to satisfy the general rule of section 152(a) and does not qualify for any of the statutory exemptions under section 152(e), respondent's determination disallowing the dependency exemptions claimed by petitioner is sustained. Issue 2. Petitioner *122 is Not Entitled to Claim Head of Household Filing Status During 1986 or 1987
In order for petitioner to qualify for head of household filing status, he must satisfy the requirements of section 2(b)(1)(A). In this regard, petitioner must establish that he maintained as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of a son or daughter. Id. An individual is considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual. Petitioner acknowledges that the children resided with their mother during the years in issue. Under section 1.2-2(c), Income Tax Regs., "In order for a taxpayer to be considered as maintaining a household * * *, the household must actually constitute the home of the taxpayer for his taxable year. * * * It is not sufficient that the taxpayer maintain the household without being its occupant. The taxpayer and such other person must occupy the household for the entire taxable year of the taxpayer." In upholding the validity of this language, we have denied head of household *123 status to a taxpayer who maintained a household for his minor son that was separate from the home which the taxpayer physically occupied for the taxable year. Grace v. Commissioner, 51 T.C. 685 (1969), affd. 421 F.2d 165 (5th Cir. 1969). Therefore, in the present case, after giving effect to respondent's concession on brief with regard to petitioner's entitlement to head of household filing status for 1985, we hold that petitioner is not entitled to head of household filing status for 1986 or 1987. Issue 3. Petitioner is Liable for the Additions to Tax
Section 6651(a)(1) imposes an addition to tax for failure to file timely a return unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect. Petitioner failed to file timely Federal income tax returns for each of the years in issue. Consequently, for petitioner to avoid imposition of the addition to tax under section 6651(a)(1), he must prove both that his failure to file was due to reasonable cause and that it was not the result of willful neglect. Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985); *124 see Chilingirian v. Commissioner, 918 F.2d 1251, 1255 (6th Cir. 1990), affg. T.C. Memo. 1986-463; Estate of Geraci v. Commissioner, 502 F.2d 1148, 1149 (6th Cir. 1974), affg. per curiam T.C. Memo. 1973-94. Reasonable cause under section 6651 means the exercise of ordinary business care and prudence. Walter v. Commissioner, 753 F.2d 35, 40 (6th Cir. 1985), affg. Ayres v. Commissioner, T.C. Memo. 1983-202; sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect is defined as a conscious, intentional failure or reckless indifference. United States v. Boyle, supra at 245. Petitioner testified that he failed to timely file his returns for the years in issue because he was busy working two jobs, because he believed the amount of his withholdings exceeded the amount he believed he owed, and because he believed that, under such circumstances, he would not be penalized for failure to timely file. These excuses are not adequate to show reasonable cause for petitioner's failure *125 to file timely returns for the years in issue. Accordingly, we sustain the addition to tax for delinquent filing as determined by respondent for each year in issue. Section 6653(a)(1) for 1985 and section 6653(a)(1)(A) for 1986 and 1987 impose an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) for 1985 and section 6653(a)(1)(B) for 1986 and 1987 impose an addition to tax of 50 percent of the interest payable on the underpayment which is attributable to negligence or intentional disregard of rules. Negligence has been defined as a lack of due care or a failure to do what a reasonable person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179. The failure to timely file a return is prima facie evidence of negligence. Emmons v. Commissioner, 92 T.C. 342, 349 (1989), affd. 898 F.2d 50 (5th Cir. 1990); see Condor Intl., Inc. v. Commissioner, 98 T.C. 203, 225 (1992). This is because *126 a reasonable and prudent person would ordinarily comply with the filing deadline. Emmons v. Commissioner, supra.Thus, where there is a failure to timely file, the addition to tax for negligence will be upheld unless the taxpayer can demonstrate that the failure to file was reasonable or that he acted with ordinary prudence. Condor Intl., Inc. v. Commissioner, supra.
In the present case, petitioner failed to timely file returns for any of the years in issue. Again, with respect to the addition to tax for negligence, petitioner has not proven that his failure to file was reasonable or that he acted with ordinary prudence. Therefore, he has not overcome the prima facie evidence of negligence established by his failure to file. Emmons v. Commissioner, supra.Based on the entire record, we conclude that petitioner has not satisfied his burden of proving that the underpayment of tax for each of the years in issue was due to reasonable cause. Consequently, we sustain the addition to tax for negligence as determined by respondent for each year in issue. To reflect concessions *127 and the foregoing, Decision will be entered under Rule 155. Footnotes
1. Plus 50 percent of the interest due on the deficiency.↩
1. Section 2(b)(1)↩ provides generally that an unmarried taxpayer is entitled to claim head of household filing status if he maintains as his home a household as the principal place of abode for a child for more than one-half of the taxable year. If the child is unmarried, there is no requirement that the taxpayer be entitled to a dependency exemption for the child. In the present case, respondent apparently determined that, for 1985, petitioner maintained as his home a household as the principal place of abode for Jeffrey for more than one-half of the year.