T.C. Memo. 2016-162

UNITED STATES TAX COURT

DALE M. CONTI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10658-15.                         Filed August 24, 2016.

Dale M. Conti, pro se.

<u>Nicholas R. Rosado</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  The Internal Revenue Service (IRS or respondent) deter-

mined a $3,285 deficiency in tax for petitioner's 2012 taxable year.[1]  The sole

_____

[1]All statutory references are to the Internal Revenue Code (Code) in effect
for the tax year in issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] issue for decision is whether petitioner is entitled to dependency exemption deductions for two children. The answer to that question in turn determines whether petitioner is entitled to head-of-household filing status. We decide these issues in respondent's favor.

FINDINGS OF FACT

The parties filed a stipulation of facts with accompanying exhibits that is incorporated by this reference. Petitioner resided in California when he petitioned this Court.

Katherine Conti (Katherine) and Mark Conti (Mark) are the children of petitioner and Carolyn Conti (Carolyn). Petitioner and Carolyn divorced in 2003. Petitioner testified that the divorce decree gave them "50-50 custody" of Katherine and Mark and allowed him to claim dependency exemption deductions for those children until they turned 18. Sometime after the divorce decree was finalized, Carolyn filed for full custody of Katherine and Mark and began claiming dependency exemption deductions for them, allegedly in violation of the divorce decree. Katherine and Mark were ages 19 and 21, respectively, in 2012.

Petitioner has at all times lived at address 1 in San Leandro, California. He testified that Katherine and Mark, when they were minors, would usually stay with

[*3] him on school nights and would alternate staying with him and with Carolyn on holidays.  He offered no evidence on these points apart from his testimony.

Petitioner testified that he was not aware of Katherine's living arrangements during 2012.  She graduated from high school in June 2012; her final transcript shows petitioner's address as her address and petitioner and Carolyn as her parent/guardian.  Katherine began attending college in fall 2012 and received a Form 1098-T, Tuition Statement, showing her address as address 2 in San Leandro.

Petitioner testified that he was not aware of Mark's living arrangements during 2012.  Mark was employed by Andrades Automotive Repair and Porky's Pizza Palace during that year.  Each employer issued him a Form W-2, Wage and Tax Statement, showing his address as address 2 in San Leandro.  Mark also attended college during 2012 and received a Form 1098-T showing his address as petitioner's address.

Petitioner timely filed his 2012 Federal income tax return claiming dependency exemption deductions for Katherine and Mark and head-of-household filing status.  He did not attach to his return Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, or an equivalent document.

**[*4]**  Carolyn on her 2012 return also claimed Katherine and Mark as dependents. Alerted to this discrepancy by computer document-matching, the IRS issued petitioner a timely notice of deficiency disallowing his claimed dependency exemption deductions and (as a corollary thereof) his claimed head-of-household filing status.  Petitioner timely petitioned this Court for review of that determination.

Respondent timely filed his post-trial brief on June 13, 2016.  The Court gave petitioner the option of filing an answering brief by July 13, 2016.  He elected not to do so.

OPINION

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend that the burden of proof should shift to respondent under section 7491(a) and, if he had advanced this contention, it would lack merit. Petitioner has not provided sufficient credible evidence to cause a shift in the burden of proof.  See sec. 7491(a)(1).  Deductions and credits are a matter of legislative grace; taxpayers bear the burden of proving their entitlement to deductions and credits allowed by the Code and substantiating the amounts thereof. INDOPCO v. Commissioner, 503 U.S. 79, 84 (1992).

**[*5]** Section 151 allows as a deduction an exemption from taxable income ($3,800 for 2012) for each "dependent" as defined in section 152. Section 152(a) defines a dependent as either a "qualifying child" or a "qualifying relative" of the taxpayer. To be considered a "qualifying child" of the taxpayer, the child must (among other things) have the same principal place of abode as the taxpayer for more than one-half of the taxable year. See sec. 152(c)(1)(B).

Petitioner put forth no evidence at trial to show that either Katherine or Mark lived with him for at least 183 days in 2012. Katherine's final high school transcript and Mark's Form 1098-T both showed petitioner's address as their address. But the Form 1098-T issued by Katherine's university and the Forms W-2 issued by Mark's employers all showed an address different from petitioner's.

Petitioner's testimony did not provide any clarity on this issue. He provided no evidence documenting the specific periods during which Katherine and Mark lived with him, and he could not describe their daily or weekly living arrangements with any specificity. He admitted that he could have called both children to testify as to their living arrangements during 2012, but he chose not to do so. He also admitted he could have called his brother, who lived with him in 2012, to testify as to the children's living arrangements, but he again chose not to do so. Given the absence of corroboration for petitioner's testimony, we cannot conclude

[*6] that he has satisfied his burden of proving that either Katherine or Mark during 2012 resided with him for at least 183 days of the year.

For a person to be considered a "qualifying relative" a taxpayer must show (among other things) that he provided more than 50% of that person's support during the year and that the person's gross income during the year was less than the exemption amount ($3,800 for 2012) defined in section 151(d). Mark earned at least $9,441 in gross income during 2012; because his gross income exceeded the exemption amount, he cannot be considered a qualifying relative. The record does not disclose whether Katherine earned gross income during 2012. Because petitioner introduced no evidence on this point and in any event did not show that he provided more than 50% of Katherine's support, we cannot find that Katherine was a "qualifying relative" of petitioner. See sec. 152(d)(1)(B) and (C).

In certain circumstances, the Code provides a mechanism for a noncustodial parent who is divorced or legally separated to become entitled to a dependency exemption. See sec. 152(e)(1) and (2)(A) and (B). When parents are legally separated or divorced, section 152(e)(1) generally awards the dependency exemption to the custodial parent, that is, the parent having custody of the child for the greater portion of the year. Sec. 152(e)(4). If a child is considered emancipated under State law, however, he or she is treated as residing with neither parent, and neither

[*7] parent is deemed to have custody of the child.  See Ferguson v. Commissioner, T.C. Memo. 1994-114, 67 T.C.M. (CCH) 2434, 2435; Kaechele v. Commissioner, T.C. Memo. 1992-457, 64 T.C.M. (CCH) 459, 460; sec. 1.152-4(d)(1), Income Tax Regs.  Once a child is considered emancipated under State law, section 152(e)(1) is inapplicable and the general provision of section 152(a) controls.  Ferguson, 67 T.C.M. (CCH) at 2435.

Katherine and Mark were ages 19 and 21, respectively, in 2012.  Under California law, a child is considered emancipated after turning 18.  See Cal. Fam. Code secs. 6500 and 6501 (West 2013).  As a result, neither petitioner nor Carolyn is deemed to have had custody of Katherine or Mark during 2012, and section 152(a) governs the dependency exemption claim.  Under section 152(a), a parent is not entitled to the dependency exemption for a child unless he or she provides more than one-half of the support for that child.  As we have already found, petitioner did not satisfy his burden of proof on this point.

Under these circumstances, we have no alternative but to conclude that petitioner has failed to carry his burden of proving his entitlement to dependency exemption deductions for his children for 2012.  As a corollary of that conclusion,

**[\*8]** we find that he is not entitled to head-of-household filing status.[2]  We will

accordingly sustain all of respondent's determinations.

      To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[2]To be entitled to head-of-household filing status, a taxpayer must maintain a home that "constitutes for more than one-half of such taxable year the principal place of abode" of at least one qualifying child.  Sec. 2(b).  Petitioner failed to show that either Katherine or Mark resided with him for more than half of calendar year 2012.